IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WAYNE McGAUGHY, ) | | |
|     Plaintiff, ) | | |
| ) | | |
|     v. ) | | Civil Action No. 2:06cv320-MEF |
| ) | | |
| KITCHENS AIRFREIGHT, INC., and ) | | *JURY TRIAL DEMANDED* |
| OZARK DELIVERY OF ALABAMA, LLC, ) | | |
|     Defendants. ) | | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Wayne McGaughy ("McGaughy" or "Plaintiff") against the above-captioned defendants and would show unto the Court as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 to obtain compensatory damages and equitable relief. The defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly 42 U.S.C. § 2000e, et seq., 42 U.S.C. §1981, and 29 U.S.C. § 621, et seq.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Middle District of the State of Alabama.

## PARTIES

3. Plaintiff Wayne McGaughy (hereinafter referred to as "Plaintiff"), who is over the age of 19 years, is and at all times material hereto was a member of two protected classes, Caucasian and over 40 years of age, and a citizen of the United States and the State of

Alabama, residing in Montgomery County, Alabama.

4. Defendant Kitchens Airfreight, Inc. (hereinafter referred to as "Kitchens"), a better and further denomination of which is presently unknown to Plaintiff, is a business entity organized under the laws of a foreign state but which does business in the Middle District of Alabama.

5. Defendant Ozark Delivery of Alabama, LLC (hereinafter referred to as "Ozark"), a better and further denomination of which is presently unknown to Plaintiff, is a business entity organized under the laws of a foreign state but which does business in the Middle District of Alabama.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendants from maintaining a policy, practice, custom or usage of discrimination against Plaintiff or others similarly situated because of race and age and from retaliating against Plaintiff or others similarly situated because of their opposition to unlawful employment practices or participation in proceedings arising under 42 U.S.C. § 2000e, 42 U.S.C. § 1981, or 29 U.S.C. § 621, et seq. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits, and income that would have been received by Plaintiff but for the defendants' unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for his suffering as a consequence of the wrongs alleged herein. Further, Plaintiff seeks such equitable relief, including back pay, liquidated damages, and a reasonable amount of front pay in lieu of reinstatement, as to which he may be entitled should the Court determine that

reinstatement would be impossible in such a work environment. Plaintiff avers that the defendants acted to deny Plaintiff his rights under the laws of the United States of America and such action was designed to intentionally discriminate against Plaintiff who is a member of protected classes, Caucasian and over 40 years of age.

7. Plaintiff avers that the defendants' actions were designed to prevent him and others similarly situated from obtaining an equality with non-protected group members in obtaining employment opportunities such as promotions and continued employment.

8. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that he has been deprived of an opportunity for employment, pay and benefits, job advancement and increases in pay, as well as caused to suffer great humiliation and mental anguish from then until now.

8. Plaintiff avers that the defendants acted intentionally to deprive Plaintiff of his rights as alleged above and to cause Plaintiff mental anguish and to discriminate against him because of his race and because of his age. Plaintiff filed a charge of discrimination with the EEOC as against each of the defendants on July 21, 2005. More than 180 days have passed since Plaintiff filed his charge of discrimination against Ozark without having received a Notice of Right to Sue; thus his Complaint is timely filed. Plaintiff received a Notice of Right to Sue from the EEOC dated February 24, 2006, relating to his complaint against Kitchens; thus his Complaint is timely filed as to that employer as well.

## FACTS

9. Plaintiff expressly adopts as if fully set forth herein the allegations in each of the foregoing paragraphs.

10. Plaintiff is a Caucasian male.

11. Plaintiff's date of birth was September 7, 1945; at the time of the events made the subject of this action, he was 59 years of age.

12. Plaintiff was employed by Fast Air of Dixie, a contractor to DHL express company, as a route driver.

13. Fast Air of Dixie lost its contract with DHL, and Plaintiff was laid off on July 1, 2005.

14. Fast Air of Dixie's contract was then split between two other companies, Kitchens and Ozark.

15. Employees of Fast Air of Dixie were advised that they were eligible for employment with the two new contractors.

16. On or about June 24, 2005, prior to the layoff, route driver positions were available with Kitchens.

17. Plaintiff was qualified for the position. He had been satisfactorily performing the same job as of that time.

18. Plaintiff applied for employment with Kitchens.

19. Plaintiff's application for employment was rejected by Kitchens.

20. The applications of younger workers with significantly less seniority, tenure, and experience were accepted.

21. Upon information and belief, the defendant employed more than fifteen employees in each of 20 calendar weeks immediately preceding the filing of this action.

22. Plaintiff has suffered a loss of wages and benefits and employment opportunities and emoluments of employment. Plaintiff has further suffered severe emotional distress and

      mental anguish, embarrassment, humiliation, and a loss of enjoyment of life.

23. Plaintiff further avers that on or about July 15, 2005, route driver positions were available with Ozark.

24. Plaintiff was well qualified for the positions available with Ozark, having satisfactorily performed that job up and until the time of his layoff.

25. Plaintiff applied for employment with Ozark.

26. Plaintiff's application was rejected by Ozark.

27. The positions with Ozark were filled by substantially younger workers with significantly less seniority, tenure and experience.

28. One or more of the successful applicants for positions for which Plaintiff was qualified were African-American persons, with qualifications no better than those of Plaintiff.

29. Preference in hiring at Ozark was given to African-Americans.

30. The decision maker employed by Ozark in the employment action at issue was African-American.

31. Plaintiff is Caucasian.

32. Plaintiff has suffered a loss of wages and benefits and employment opportunities and emoluments of employment. Plaintiff has further suffered severe emotional distress and mental anguish, embarrassment, humiliation, and a loss of enjoyment of life.

## CAUSES OF ACTION

33. Plaintiff expressly adopts with respect to each cause of action as if fully set forth in each claim the allegations contained in each and all of the foregoing paragraphs.

## COUNT ONE – DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981 – OZARK

34. Plaintiff is a member of a protected class, Caucasian.

35. Plaintiff performed his job to the reasonable satisfaction of his prior employer, of which fact Ozark was aware.

36. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his race, Caucasian.

37. Plaintiff was subjected to an adverse employment action, failure to hire and/or retain.

29. The positions for which Plaintiff had applied were filled by one or more members of a non-protected class, African-American.

30. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

31. Plaintiff has been injured thereby.

### COUNT TWO – DISCRIMINATION IN VIOLATION OF TITLE VII – OZARK

32. Plaintiff is a member of a protected class, Caucasian.

33. Plaintiff performed his job to the reasonable satisfaction of his prior employer, a fact of which Ozark was aware.

34. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his race, Caucasian.

35. Plaintiff was subjected to an adverse employment action, failure to hire/retain.

36. The positions for which Plaintiff had applied were filled by one or more members of a non-protected class, African-American.

37. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

38. Plaintiff has been injured thereby.

### COUNT THREE – DISCRIMINATION IN VIOLATION OF THE ADEA – OZARK

39. Plaintiff is a member of a protected class, over the age of 40 years.

40. Plaintiff performed his job to the reasonable satisfaction of his prior employer, of which fact Ozark was aware.

41. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his age, over 40.

42. Plaintiff was subjected to an adverse employment action, failure to hire/retain.

43. The positions for which Plaintiff had applied were filled by one or more members of a non-protected class, substantially younger persons.

44. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

45. Plaintiff has been injured thereby.

### COUNT FOUR – DISCRIMINATION IN VIOLATION OF THE ADEA – KITCHENS

46. Plaintiff is a member of a protected class, over the age of 40 years.

47. Plaintiff performed his job to the reasonable satisfaction of his prior employer, of which fact Kitchens was aware.

48. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was

subjected was because of his age, over 40.

49. Plaintiff was subjected to an adverse employment action, failure to hire/retain.

50. The positions for which Plaintiff had applied were filled by one or more members of a non-protected class, substantially younger persons.

51. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

52. Plaintiff has been injured thereby.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, the Plaintiff requests the Court to:

a. Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. §1981, 42 U.S.C. § 2000e, et seq., and 29 U.S.C. § 621, et seq.;

b. Permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those action in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c. Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of race or age;

d. Grant Compensatory and Punitive damages of three hundred thousand dollars as against defendant Ozark under Title VII and three hundred thousand dollars as against defendant Ozark under 42 USC § 1981, or, in the alternative, nominal

   damages;

 e. As against defendant Ozark under 42 USC § 1981, and, or in the alternative, under Title VII, grant such other, further and different relief as this Court may deem just and proper to include back pay, front pay, reinstatement, and all other equitable and legal relief as to which Plaintiff may be entitled.

 f. Grant equitable damages in the amount of back pay, liquidated damages, and front pay as against each defendant under the Age Discrimination in Employment Act;

 g. Grant Plaintiff the cost of this action including reasonable attorney's fees;

 h. Enjoin the defendants from any retaliation.

RESPECTFULLY SUBMITTED on this the _____ day of _____, 2006.

_____
JAY LEWIS (LEW031)
CAROL GERARD (GER016)
Attorneys for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com

***PLAINTIFF DEMANDS TRIAL BY STRUCK JURY***

**CERTIFICATE OF SERVICE**

I hereby certify that on the __6th__ day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such following to the following:

Gordon L. Blair
James C. Pennington

Attorneys for Defendant
Kitchens Airfreight, Inc.

and that I have served the following party by issuance of process by means of an alias summons and by placing a copy in the United States mail, first-class postage prepaid and properly addressed:

Klein Calvert, President
Ozark Delivery of Alabama, LLC
Box 26781
Overland Park, KS 66225

                /s/ JAY LEWIS
                Law Offices of Jay Lewis, LLC
                P.O. Box 5059
                Montgomery, AL 36103
                (334) 263-7733 (Voice)
                (334) 832-4390 (Fax)
                J-Lewis@JayLewisLaw.com
                ASB-2014-E66J