**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| WAYNE McGAUGHY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 2:06-CV-320-VPM |
| ) | |
| KITCHENS AIRFREIGHT, INC. and ) | |
| OZARK DELIVERY OF ALABAMA, LLC, ) | |
| ) | |
|     Defendant. ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW defendant Kitchens Airfreight, Inc. ("Kitchens") and submits the following in response to the First Amended Complaint:

1.   Defendant denies the allegations set forth in Paragraph 1 of the First Amended Complaint.

2.   Defendant admits that some of the acts alleged in the First Amended Complaint allegedly occurred in Montgomery County, Alabama. Defendant denies all remaining allegations set forth in Paragraph 2 of the First Amended Complaint.

3.   Defendant admits that plaintiff is over the age of forty years, Caucasian and a citizen of the United States. Defendant lacks sufficient information to admit or deny the location of plaintiff's residence. Therefore, defendant denies that plaintiff is a resident of Montgomery County, Alabama. Defendant denies any remaining allegations set forth in Paragraph 3 of the First Amended Complaint.

4.   Defendant admits that it does business in Montgomery County, Alabama. Defendant denies the remaining allegations set forth in Paragraph 4 of the First Amended Complaint.

5.      Defendant admits that Ozark Delivery of Alabama, LLC does business in Montgomery County, Alabama.  Defendant lacks sufficient information to either admit or deny the remaining allegations set forth in Paragraph 5 of the First Amended Complaint and, therefore, denies those allegations.

6.      Defendant denies that it discriminated against plaintiff.  Defendant states that the remainder of Paragraph 6 of the First Amended Complaint does not set forth allegations to which a response is required.  To the extent that the Court construes the remainder of Paragraph 6 of the First Amended Complaint to set forth allegations to which a response is required, defendant denies them.

7.      Defendant denies the allegations set forth in Paragraph 7 of the First Amended Complaint.

8.      Defendant denies the allegations set forth in Paragraph 8 of the First Amended Complaint.

9.      Defendant lacks sufficient information to either admit or deny that plaintiff "filed his charge of discrimination against Ozark without having a received a Notice of Right to Sue", therefore, defendant denies that allegation.  Defendant admits that plaintiff made an EEOC Charge of Discrimination against it on July 21, 2005.  Defendant denies the remaining allegations set forth in the second Paragraph 8 of the First Amended Complaint.

10.     In response to the allegations set forth in Paragraph 9 of the First Amended Complaint, defendant readopts each and every paragraph of this Answer as if fully set forth herein.

11.     Defendant admits the allegations set forth in Paragraph 10 of the First Amended Complaint.

12. Upon information and belief, defendant admits that plaintiff's date of birth is September 7, 1945 and that he was 59 years of age in June, 2005. Defendant denies any remaining allegations set forth in Paragraph 11 of the First Amended Complaint.

13. In response to the allegations set forth in Paragraph 12 of the First Amended Complaint, defendant admits, upon information and belief, that plaintiff was previously employed by Fast Air Dixie, which, in turn, was a party to a service contract with DHL.

14. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 13 of the First Amended Complaint, therefore, defendant denies those allegations.

15. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 14 of the First Amended Complaint, therefore, defendant denies those allegations.

16. Defendant admits that it gave employment applications to former Fast Air Dixie employees who requested them. Defendant denies any remaining allegations set forth in Paragraph 15 of the First Amended Complaint.

17. Defendant denies the allegations set forth in Paragraph 16 of the First Amended Complaint.

18. Defendant denies the allegations set forth in Paragraph 17 of the First Amended Complaint.

19. Defendant admits the allegations set forth in Paragraph 18 of the First Amended Complaint.

20. Defendant admits that it did not hire plaintiff. Defendant denies any remaining allegations set forth in Paragraph 19 of the First Amended Complaint.

21. Defendant admits that it hired some workers who were younger and had less delivery experience than plaintiff. Defendant denies the remaining allegations set forth in Paragraph 20 of the First Amended Complaint.

22. Defendant denies the allegations set forth in Paragraph 21 of the First Amended Complaint.

23. Defendant denies the allegations set forth in Paragraph 22 of the First Amended Complaint.

24. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 23 of the First Amended Complaint, therefore, defendant denies those allegations.

25. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 24 of the First Amended Complaint, therefore, defendant denies those allegations.

26. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 25 of the First Amended Complaint, therefore, defendant denies those allegations.

27. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 26 of the First Amended Complaint, therefore, defendant denies those allegations.

28. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 27 of the First Amended Complaint, therefore, defendant denies those allegations.

29. Defendant lacks sufficient information to either admit or deny the allegations set

forth in Paragraph 28 of the First Amended Complaint, therefore, defendant denies those allegations.

30. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 29 of the First Amended Complaint, therefore, defendant denies those allegations.

31. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 30 of the First Amended Complaint, therefore, defendant denies those allegations.

32. Defendant admits the allegations set forth in Paragraph 31 of the First Amended Complaint.

33. Defendant denies the allegations set forth in Paragraph 32 of the First Amended Complaint.

34. In response to the allegations set forth in Paragraph 33 of the First Amended Complaint, defendant readopts each and every paragraph of this Answer as if fully set forth herein.

35. Defendant admits that plaintiff is Caucasian. Defendant denies any remaining allegations set forth in Paragraph 34 of the First Amended Complaint.

36. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 35 of the First Amended Complaint, therefore, defendant denies those allegations.

37. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 36 of the First Amended Complaint, therefore, defendant denies those allegations.

38. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 37 of the First Amended Complaint, therefore, defendant denies those allegations.

39. Defendant lacks sufficient information to either admit or deny the allegations set forth in the second Paragraph 29 of the First Amended Complaint, therefore, defendant denies those allegations.

40. Defendant lacks sufficient information to either admit or deny the allegations set forth in the second Paragraph 30 of the First Amended Complaint, therefore, defendant denies those allegations.

41. Defendant lacks sufficient information to either admit or deny the allegations set forth in the second Paragraph 31 of the First Amended Complaint, therefore, defendant denies those allegations.

42. Defendant admits that plaintiff is Caucasian. Defendant denies any remaining allegations set forth in the second Paragraph 32 of the First Amended Complaint.

43. Defendant lacks sufficient information to either admit or deny the allegations set forth in the second Paragraph 33 of the First Amended Complaint, therefore, defendant denies those allegations.

44. Defendant lacks sufficient information to either admit or deny the allegations set forth in the second Paragraph 34 of the First Amended Complaint, therefore, defendant denies those allegations.

45. Defendant lacks sufficient information to either admit or deny the allegations set forth in the second Paragraph 35 of the First Amended Complaint, therefore, defendant denies those allegations.

46.     Defendant lacks sufficient information to either admit or deny the allegations set forth in the second Paragraph 36 of the First Amended Complaint, therefore, defendant denies those allegations.

47.     Defendant lacks sufficient information to either admit or deny the allegations set forth in the second Paragraph 37 of the First Amended Complaint, therefore, defendant denies those allegations.

48.     Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 38 of the First Amended Complaint, therefore, defendant denies those allegations.

49.     Defendant admits that plaintiff is over the age of 40 years and denies the remaining allegations set forth in Paragraph 39 of the First Amended Complaint.

50.     Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 40 of the First Amended Complaint, therefore, defendant denies those allegations.

51.     Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 41 of the First Amended Complaint, therefore, defendant denies those allegations.

52.     Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 42 of the First Amended Complaint, therefore, defendant denies those allegations.

53.     Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 43 of the First Amended Complaint, therefore, defendant denies those allegations.

54. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 44 of the First Amended Complaint, therefore, defendant denies those allegations.

55. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 45 of the First Amended Complaint, therefore, defendant denies those allegations.

56. Defendant admits that plaintiff is over the age of 40 years and denies the remaining allegations set forth in Paragraph 46 of the First Amended Complaint.

57. Defendant lacks sufficient information to either admit or deny that plaintiff performed his job to the satisfaction of his prior employer, therefore, defendant denies that allegation. Defendant denies the remaining allegations set forth in Paragraph 47of the First Amended Complaint.

58. Defendant denies the allegations set forth in Paragraph 48 of the First Amended Complaint.

59. Defendant admits that it did not hire plaintiff and denies the remaining allegations set forth in Paragraph 49 of the First Amended Complaint.

60. Defendant admits that the position for which plaintiff applied is occupied by a person younger than plaintiff. Defendant denies any remaining allegations set forth in Paragraph 50 of the First Amended Complaint.

61. Defendant denies the allegations set forth in Paragraph 51 of the First Amended Complaint.

62. Defendant denies the allegations set forth in Paragraph 52 of the First Amended Complaint.

63.     Defendant denies that plaintiff is entitled to any legal or equitable relief, including the relief requested in the Prayer for Relief.

64.     Defendant denies that plaintiff is entitled to a jury trial.

65.     Defendant denies each paragraph of the First Amended Complaint that is not specifically admitted herein.

In further answer to plaintiff's First Amended Complaint, defendant says as follows:

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff failed to satisfy the administrative prerequisites to suit.

### THIRD DEFENSE

No causal connection exists between any of the challenged employment decisions and any alleged injury which plaintiff claims to have suffered.

### FOURTH DEFENSE

No causal connection exists between any of the challenged employment decisions and any alleged unlawful discriminatory motive.

### FIFTH DEFENSE

Plaintiff neither received nor was issued an EEOC Notice of Suit Rights.  For that reason and others, he failed to file suit within 90 days of his receipt of such Notice.

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent that he did not file this lawsuit in accordance with applicable statutes of limitation.

## SEVENTH DEFENSE

Plaintiff's claims are barred or limited by application of the doctrines of *in pari delicto* and/or unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## NINTH DEFENSE

Defendant's hiring decision was based upon defendant's good faith assessment of plaintiff's prior work performance and was not based upon his age or other unlawful reason.

## TENTH DEFENSE

Defendant's decision regarding the hiring of plaintiff was motivated by legitimate, non-discriminatory reasons unrelated to plaintiff's age.

## ELEVENTH DEFENSE

Plaintiff was at all times an "at will" employee of defendant.

## TWELFTH DEFENSE

Defendant's conduct toward plaintiff was at all times in good faith and was not willful, intentional or discriminatory.

## THIRTEENTH DEFENSE

Defendant failed to timely file a Charge of Discrimination and this action.

## FOURTEENTH DEFENSE

Plaintiff's claims exceed the scope of the allegations set forth in his EEOC Charge.

## FIFTEENTH DEFENSE

To the extent plaintiff seeks redress for incidents occurring more than 180 days prior to the filing of his EEOC Charge, such claims are barred.

## SIXTEENTH DEFENSE

At all times relevant to this action, defendant maintained and enforced policies and procedures prohibiting discrimination based on age.

## SEVENTEENTH DEFENSE

Given that defendant, at all times relevant to this action, adhered to its policy prohibiting discrimination based on sex or age and that defendant did not maliciously, wantonly, recklessly, or intentionally violate such policies and practices, punitive damages are not allowable in this case.

## EIGHTEENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## NINETEENTH DEFENSE

Defendant failed to join an indispensable party under Federal Rule of Civil Procedure 19.

## TWENTIETH DEFENSE

Defendant reserves the right to amend the answer to state additional defenses, if facts are identified during discovery which would give rise to such defenses.

Respectfully submitted,

s/Gordon L. Blair
James C. Pennington
Attorneys for Defendant,
Kitchens Airfreight, Inc.
OGLETREE, DEAKINS, NASH,
　SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Ph: 205-328-1900
Fax: 205-328-6000
Email: Gordon.blair@odnss.com
Email: james.pennington@odnss.com

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on June 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Carol Robin Gerard
    The Law Office of Jay Lewis
    Email: carolgerard@jaylewislaw.com

    Jay Lewis
    Law Offices of Jay Lewis, LLC
    Email: j-lewis@jaylewislaw.com


                                        s/Gordon L. Blair
                                        Of Counsel