IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO.2:06-cv-320-MEF |
| ) | (WO) |
| KITCHENS EXPRESS, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff Wayne McGaughy brings this action against Kitchens Airfreight, Inc. and Ozark Delivery of Alabama, LLC for alleged employment discrimination. This matter is now pending before the court on the Plaintiff's Motion for Default Judgment (Doc. #24) filed on July 27, 2006, by which the Plaintiff seeks entry of default judgment against Ozark Delivery.

On July 26, 2006, the Plaintiff applied to the Clerk for Entry of Default (Doc. #22) against Ozark Delivery for failure to plead, answer, or otherwise defend, pursuant to Federal Rule of Civil Procedure 55(a). The Clerk issued an Entry of Default (Doc. #23) against Ozark Delivery on July 27, 2006. On July 27, 2006, the Plaintiff filed a Motion for Default Judgment (Doc. #24) pursuant to Federal Rule of Civil Procedure 55(b)(2).

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Once this has occurred, "the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2). The clerk's entry of default causes all well-pleaded allegations of facts to be

deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

If the court determines that default judgment can be granted, the court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). "If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Fed. R. Civ. P. 55(b)(2). However, the court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

In accordance with the foregoing, it is hereby ORDERED as follows:

1. The Plaintiff's Motion for Default Judgment (Doc. #24) is GRANTED.

2. Default judgment is hereby ENTERED against Ozark Delivery of Alabama, LLC. and in favor of the Plaintiff, Wayne McGaughy.

3. A hearing to determine damages is set for August 11, 2006 at 2:00 p.m. at the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama.

DONE this the 3rd day of August, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE