IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) CIVIL ACTION NO. 2:06cv320-MEF |
| KITCHENS AIRFREIGHT, INC.; and OZARK DELIVERY OF ALABAMA, LLC, | ) ) ) ) |
| *Defendants.* | ) ) |

**MOTION TO VACATE ENTRY OF DEFAULT/
MOTION FOR LEAVE TO FILE RESPONSIVE PLEADING**

NOW COMES **OZARK DELIVERY OF ALABAMA, LLC**, one of the defendants herein, by and through its counsel, and moves the Court, pursuant to Rule 55(c) of the *Federal Rules of Civil Procedure,* to vacate and set aside the default entered by the clerk on July 27, 2006 (Doc. 23) and to grant this defendant leave to file a responsive pleading to the complaint as last amended. This motion is based upon all pleadings of record and the Affidavit of Klein Calvert, Manager of Ozark Delivery of Alabama, LLC, attached hereto.

This defendant would further show unto the Court that Rule 55(c) allows the Court to set aside an entry of default for good cause shown (see *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527-28 (11th Cir. 1990). The good cause shown standard is flexible and permits courts to consider basic guidelines such as whether the default was culpable or willful, whether setting aside the default would prejudice the adversary, and whether the defaulting party presents a meritorious defense. (See *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996.) Moreover, these flexible guidelines are not talismatic and other guidelines may just as easily "identify

circumstances which warrant the finding of 'good cause' to set aside a default." *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992).

The Affidavit of Klein Calvert well demonstrates the requisite good cause for setting aside the entry of default inasmuch as this defendant did not receive the Court's order of July 12, 2006 (Doc. 21-1) in a timely manner due to a change of the mailing address of this defendant; the defendant has numerous meritorious defenses to the plaintiff's claims as set out in Paragraph 16 of the Calvert Affidavit and, in fact, this defendant was actively misled by the plaintiff to believe that this matter had been settled between the parties and that the plaintiff, a current employee of this defendant, sought to be absent from work today for the stated purpose of participating in "union activities" when, in fact, the real reason for the plaintiff's request for absence was to attend a hearing before this Court to prove damages in support of his entry of default.

WHERE, THE PREMISES CONSIDERED, this defendant respectfully requests that this Court vacate and set aside the default entered by the Court and permit this defendant leave to file a responsive pleading.

Respectfully submitted,

*/s/ David E. Allred*

DAVID E. ALLRED
Attorney for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:  (334) 396-9977
E-mail:  dallred@allredpclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 11th day of August, 2006 filed the foregoing *Motion to Vacate Entry of Default / Motion for Leave to File Responsive Pleading* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

    Jay Lewis, Esq.
    Carol Gerard, Esq.
    Gordon L. Blair, Esq.
    James C. Pennington, Esq.

_____
OF COUNSEL