IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv320-MEF |
| ) | |
| KITCHENS AIRFREIGHT, INC.; and ) | |
| OZARK DELIVERY OF ALABAMA, LLC, ) | |
| ) | |
| *Defendants.* ) | |

**AMENDED MOTION TO VACATE ENTRY OF DEFAULT/
MOTION FOR LEAVE TO FILE RESPONSIVE PLEADING**

NOW COMES OZARK DELIVERY OF ALABAMA, LLC ("OZARK"), one of the defendants herein, by and through its counsel, and moves the Court to vacate the entry of default by the clerk, to vacate the entry of default judgment by the Court, and to permit this defendant to file a responsive pleading to the complaint as last amended. This motion is based upon all pleadings of record, the affidavit of Klein Calvert, Manager of Ozark Delivery of Alabama, LLC, and the Memorandum and Brief herein.

1. Defendant Ozark Delivery of Alabama, LLC seeks relief from the clerk's entry of default entered July 27, 2006 (Doc. 23) and the default judgment entered by the Court on August 3, 2006 (Doc. 25).

2. Rule 55, FRCP, provides as follows:

> "(c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

3. Rule 60(b) provides:



EXHIBIT A

> "(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time . . . ."

4. Default judgment was entered by the Court on August 3, 2006. This defendant filed its initial pleading by counsel on August 11, 2006 (Doc. 26). The instant motion is filed on August 16, 2006; hence, Ozark submits that its filings seeking relief from the entry of default and from the entry of default judgment are made so within a reasonable time.

5. Ozark earnestly submits that for the following reasons, the default judgment entered August 3, 2006 (Doc. 25) is due to be set aside.[1]

6. Default judgment is not a favored remedy and the 11th Circuit has held that a default judgment should be used only in extreme situations. (See *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).) This case does not present an extreme situation.

7. In *Lowery v. Hoffman*, 188 F.R.D. 651, the District Court in the Middle District of Alabama set aside an entry of default judgment citing 55(c):

> "Federal Rule of Civil Procedure 55(c) provides that '[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).' And Federal Rule of Civil

---

[1] Inasmuch as the relief sought by Ozark (setting aside the default judgment) if granted by this Court, would render moot this defendant's request to vacate the entry of default by the clerk (Doc. 22), Ozark's argument is directed to the issue of setting aside the default judgment (Doc. 25).

> Procedure 60(b) provides that, 'On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... mistake, inadvertence, surprise or excusable neglect.'
>
> 'In order to set aside a default on the basis of excusable neglect, the defaulting party must first show that it had a meritorious defense that might have affected the outcome and that granting the motion would not result in prejudice to the opposing party.' *Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (citations omitted). The party also must show that 'good reason existed for failure to reply to the complaint.' *Id.*"

*Lowery, supra*, at p. 655.

8. The *Lowery* court found that the defaulting defendant in that case was entitled to have the default judgment set aside due to excusable neglect, one of the grounds for providing such relief under Rule 60(b).

9. As demonstrated herein, Ozark is entitled to have the default judgment set aside for several reasons and on numerous grounds in Rule 60(b):

> Rule 60(b)(1):
> "... mistake, inadvertence, surprise or excusable neglect."
>
> Rule 60(b)(3):
> "... fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;"
>
> Rule 60(b)(6):
> "... any other reason justifying relief from the operation of the judgment."

Klein Calvert, Manager of Ozark, states by affidavit that the plaintiff, Wayne McGaughy, who is a current employee of Ozark, entered into a settlement agreement in exchange for a condition of his hiring whereby the plaintiff agreed to dismiss all litigation

-3-

including this suit; that Ozark relied on McGaughy's representations that this case was resolved and, in fact, granted Plaintiff/Employee Wayne McGaughy's request to be off from work on August 11, 2006 for the stated reason that he had "union activities" when the true reason was that McGaughy planned to attend a hearing before this Court in this very lawsuit to prove damages on August 11, 2006 at 2:00 p.m.

The foregoing facts well demonstrate that Ozark is entitled to have the default judgment set aside inasmuch as Ozark was actively misled by the plaintiff to believe that the case had been dismissed due to the settlement between the parties and the plaintiff concealed from Ozark the true reason for requesting to be off on August 11, which was indeed to provide testimony against Ozark to prove damages as a result of the default judgment which is the object of this motion.

10. In addition, Defendant Ozark changed its address from Overland Park, Kansas on June 27, 2006 to Ozark, Missouri, which change resulted in a delay for receiving mail of approximately two weeks. Attached hereto is a copy of an envelope which contained the plaintiff's Motion for Judgment by Default against this defendant, which is addressed to this defendant at its post office box in Overland Park, Kansas and is postmarked as having been mailed in Montgomery, Alabama on July 28, 2006. Please note that the stamp affixed by the U. S. Postal Service forwarding this letter to Ozark at its new address in Ozark, Missouri is dated August 9, 2006. This letter was not received by Ozark until August 11, 2006.

11. In light of the universe of facts underlying the reasons that Ozark did not respond to the complaint, to include active misrepresentation by the plaintiff and delay in

getting mail forwarded, Ozark is entitled to have its motion to set aside the default judgment granted.

12. Ozark must go further, however, for entitlement to relief from the default judgment and show that it has a meritorious defense and also that granting the motion would not result in prejudice to the opposing party:

    (A)    Meritorious Defense:

    The Calvert affidavit puts forth a plethora of facts which would serve as a meritorious defense should this Court set aside the default judgment and allow Ozark to file a responsive pleading: McGaughy was not hired initially because of Ozark's knowledge through its managing employee, Arthur Scott, that McGaughy had a poor attendance record and poor work history with a previous employer where Scott had also worked with McGaughy; thus, Ozark's initial decision not to employ McGaughy was because of a race neutral business based reason and was not due to reasons of race or age; McGaughy was not discriminated against on the basis of race or age because Ozark has a diverse work force and has hired older and better qualified individuals than the defendant; that McGaughy filed a complaint with the NLRB alleging that his non-hiring was due to reasons of his union activities and not based on race or age; that the parties entered into a settlement agreement whereby Ozark agreed to employ McGaughy in exchange for McGaughy's agreement to dismiss all litigation, to include the instant suit; on information and belief,

Ozark says that McGaughy failed to receive a right to sue letter from the EEOC prior to instituting the instant action, which defect is fatal to his ability to maintain these claims against Ozark in this case.

(B) Prejudice to the Opposing Party:

Ozark submits that setting aside the default judgment will not result in prejudice to McGaughy inasmuch as this case has been pending in this Court for just over four months, the Court has scheduled the case for trial in June, 2007, no discovery has been conducted, and there is no indication that any evidence or testimony would be affected by setting aside the default judgment. In *Lowery*, the district judge cited the following with regard to prejudice to the opposing party:

> "'Prejudice is not shown by the simple delay that will inherently attend in resolving a case from the setting aside of a judgment.' 12 James Wm. Moore, et al., Moore's Federal Practice § 60.22[2] (3d ed. 1999). Instead, prejudice is shown where evidence has been lost or destroyed, or will be more difficult to obtain, or where the plaintiffs' costs will increase to an unfair degree as a result of setting aside the default. *See Id.* Here, there is no indication that the delay will prejudice the plaintiffs' ability to obtain evidence, that the plaintiffs' costs will increase substantially, or that the delay in obtaining damages will cause any hardship, . . . "

*Lowery, supra*, at p. 656.

WHEREFORE, THE PREMISES CONSIDERED, Ozark respectfully requests that the Court grant its Motion to Set Aside the Default Judgment and to permit Ozark to file a responsive

pleading to the plaintiff's complaint. Alternatively, in the event that the Court denies Ozark's request to set aside the default judgment, then, in that event, Ozark respectfully requests the Court to forego the assessment of damages until the trial on the merits of this case.

Respectfully submitted,

_____
DAVID E. ALLRED
Attorney for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone: (334) 396-9200
Facsimile: (334) 396-9977
E-mail: dallred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of August, 2006 filed the foregoing *Amended Motion to Vacate Entry of Default / Motion for Leave to File Responsive Pleading* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

>Jay Lewis, Esq.
>Carol Gerard, Esq.
>Gordon L. Blair, Esq.
>James C. Pennington, Esq.

_____
OF COUNSEL