IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY,    )<br>    Plaintiff,    )<br>    )<br>     v.    )<br>    )<br>KITCHENS AIRFREIGHT, INC., and    )<br>OZARK DELIVERY OF ALABAMA, LLC    )<br>    Defendants.    ) | Civil Action No. 2:06-cv-320-MEF |

### OPPOSITION TO OZARK'S MOTION TO VACATE ENTRY OF DEFAULT

COMES NOW Plaintiff Wayne McGaughy against the above-captioned defendant, Ozark Delivery of Alabama, LLC, and would show unto the Court as follows:

1. The Complaint against the defendant was filed in this Court on or about April 7, 2006.

2. A Summons was issued on or about April 12, 2006.

3. The service of Summons was perfected by certified mail on or about April 13, 2006, as evidenced by a Return Receipt Card.

4. The defendant was due to file an answer to the Complaint by on or before May 3, 2006.

5. The defendant failed to plead or otherwise defend within the time and manner provided by the Rules of Civil Procedure.

6. On or about June 5, 2006, Plaintiff applied for entry of default, which entry was granted.

7. On or about June 6, 2006, Plaintiff filed a motion to withdraw the application for default and for leave to amend his complaint.

8. On or about June 9, 2006, Plaintiff filed an amended complaint to more particularly identify the defendant parties.  On the same day the Court granted Plaintiff's motion to

withdraw his application for default.

9. On or about June 26, 2006, what purported to be an "answer" was filed by one Klein Calvert, President, Ozark Delivery of Alabama, LLC.

10. The said document did not comply with the Federal Rules of Civil Procedure, either in form or in content. It further constituted practicing law without a license in the State of Alabama.

11. On or about June 28, 2006, Plaintiff timely filed a motion to strike the "answer," which motion was granted by the Court on or about July 12, 2006.

12. In granting the motion to strike, the Court gave Ozark Delivery until July 21, 2006, to file a proper answer in the case.

13. Defendant Ozark Delivery failed or refused to file an answer, to plead, or otherwise to defend in the time permitted by the Court.

14. The Clerk of the Court entered the defendant's default. (Doc. 23).

15. The Court set this matter down for a hearing on damages for August 11, 2006.

16. At the eleventh hour prior to the scheduled hearing, Ozark submitted a motion to vacate the entry of default, finally appearing through competent counsel.

17. In support of its motion, Ozark has now submitted what is purported to be an "affidavit" from Klein Calvert setting forth defenses. This "affidavit" is bogus for the reasons enumerated below.

18. Paragraph 6, setting forth the reasons given by Ozark for not hiring Plaintiff, is not based on personal knowledge in that the affiant is depending on hearsay information from other persons. Moreover, those reasons are conclusory only.

19. Paragraph 8 is the evidence that Paragraph 6 is fraudulent in that no reasonable employer would hire a person with a work history as bad as that of Plaintiff, which work history precluded his hiring in the first place.

20. Paragraph 9 is incredible to the point of being openly risible. No business person would condition the hiring of a person on the dismissal of a lawsuit and an NLRB claim with nothing in writing to evidence such an agreement.

21. Paragraph 10 is also incredible, in that no business person would rely on oral representations of a plaintiff as justification for failure to answer a federal lawsuit seeking damages. The Court is not required to believe completely unbelievable assertions, even those contained in an affidavit.

22. Paragraphs 12-15 are also unbelievable. No reasonable person could believe that it takes the vaunted United States Postal Service two weeks to get mail from Overland Park, Kansas to Ozark, Missouri, a distance of 205.13 miles, according to MapQuest.™

23. In any event, with a federal lawsuit pending, Ozark never sought to change its address for service or to notify anybody involved that it had moved. Moreover, the Alabama Secretary of State's website reveals that the address of Mr. Calvert, the registered agent of Ozark, may be served at 1130 Emory Folmar Boulevard, Montgomery, Alabama. That has never changed.

24. With regard to its "meritorious defenses", no facts are asserted to support the conclusion that Plaintiff had a "poor work history," "numerous unexcused absences" and "poor performance." Those assertions are belied by the fact that Ozark hired Plaintiff.

25. The assertion of "equal and fair cross section of demongraphics (sic.)" is conclusory only

and based on no discernable facts.

26.   The assertion that the company hired "better qualified employees with better work histories," is conclusory and based on no discernable facts.

27.   With regard to the age discrimination complaint, there are no facts set forth to establish that Ozark hired "older, better qualified, individuals then (sic.) defendent (sic.)".

28.   There is no evidence of a "settlement agreement" and no facts supporting Calvert's assertion that there were "statements made" causing him to believe that the litigation was to be dismissed. That assertion is simply implausible, as any reasonable business person would make some effort to determine whether or not he was still a defendant in a federal lawsuit.

29.   Regarding the assertion by Mr. Calvert that Plaintiff lied to him as to why he needed to be away from work on August 11th, the fact is that Mr. Calvert never talked with Plaintiff about why he wanted to be off. The Court will recall the representation made in the August 11th hearing that any conversation Plaintiff might have had was with the local Ozark manager, not with Mr. Calvert. To that extent, it is another representation not based on personal knowledge.

30.   Plaintiff moves that the entire affidavit of Klein Calvert be stricken.

31.   Plaintiff is aware that default judgments are not favored. Nevertheless, the actions of Ozark do not amount to excusable neglect under any reading of the law, and its "meritorious" defenses smack of mendacity. Ozark did not practice due diligence in defending its interests in this case, and its last-minute opposition to the entry of default have unnecessarily complicated this matter and have multiplied costs for both Plaintiff

and the Court. Ozark has simply not shown "good cause" militating in favor of setting aside the entry of default. For those reasons, Plaintiff prays that the Court will overrule and deny the defendant's motion, that it will maintain the default in this case, and that it will – again – set this matter down for a hearing on damages.

RESPECTFULLY SUBMITTED on this the 14th day of September, 2006.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that on the __14th__ day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such following to the following:

Gordon L. Blair
James C. Pennington
Attorneys for Defendant
Kitchens Airfreight, Inc.

David Allred
Attorney for Defendant
Ozark Delivery of Alabama, LLC

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)

J-Lewis@JayLewisLaw.com  
ASB-2014-E66J