IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WAYNE McGAUGHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-CV-320-MEF-VPM |
| | ) | |
| KITCHENS EXPRESS, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION OF KITCHENS AIRFREIGHT, INC. TO ANY ASSESSMENT OF DAMAGES PRIOR TO A DETERMINATION AS TO ITS LIABILITY**

COMES NOW defendant Kitchens Airfreight, Inc. ("Kitchens") and submits the following in opposition to any assessment of plaintiff's damages before a determination as to Kitchens' liability is made.

1. This is an employment discrimination case in which plaintiff makes similar allegations of age discrimination against Kitchens and Ozark Delivery of Alabama, LLC ("Ozark") for their alleged failure to hire him. (Complaint)

2. On August 3, 2006, the Court entered a default judgment against Ozark and set a damages hearing for August 11, 2006. The damages hearing is continued, pending the Court's ruling on Ozark's Motion to Vacate Entry of Default/Motion for Leave to File Responsive Pleading. Kitchens objects to any assessment of damages at this point in litigation on the grounds that such an assessment would be premature, would potentially prejudice Kitchens and would deny Kitchens due process.

3. Unlike Ozark, Kitchens timely answered the Complaint, participated in a Rule 26 meeting and initiated written discovery. Included in the written discovery are interrogatories and a request for production of documents that address the issue of

damages.[1]

4. It would be premature for the Court, without a jury trial, to make factual findings concerning damages <u>before</u> there is a determination of Kitchens' liability and before Kitchens ever has an opportunity to discover facts concerning damages. Although Kitchens denies that any factual findings with respect to damages would be binding on Kitchens, Kitchens expects plaintiff to argue that those findings would be so binding. Any findings with respect to damages that might arguably bind Kitchens at this early stage of litigation would violate Kitchens's right to due process law under the fifth amendment to the United States Constitution.

5. Further, any assessment of damages against Ozark at this point in litigation presents the potential for inconsistent findings in the same case by the Court and by the jury. For example, the Court might (hypothetically) find that plaintiff: (i) suffered a broken arm as a result of being denied a job, (ii) stayed in the hospital for five days while suffering pain and emotional distress, (iii) mitigated his damages by seeking other employment and (iv) is entitled to $50,000.00 in damages for emotional distress. A jury, on the other hand, could find that plaintiff: (i) did not suffer a broken arm as the result of being denied a job, (ii) never stayed in a hospital or suffered any pain or mental distress, (iii) failed to mitigate his damages and (iv) is entitled to no damages.

6. To avoid this potential for inconsistent findings and permit Kitchens to develop and present evidence of liability <u>before</u> damages are assessed, the Court must not determine plaintiff's damages at this time.

---

[1] Plaintiff's responses to Kitchens's discovery are almost two months overdue. Contrary to plaintiff's arguments, this suggests that the plaintiff is not in any hurry to advance his case, and any delay in Ozark's answering the complaint has resulted in no prejudice to the plaintiff.

WHEREFORE, premises considered, Kitchens requests that this Honorable Court refrain from holding any hearing on damages until after a determination of liability is made as to plaintiff's claims against Kitchens.

Respectfully submitted,

s/ James C. Pennington
Gordon L. Blair
Attorneys for Defendant,
Kitchens Airfreight, Inc.
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203-2118
Ph:  205-328-1900
Fax: 205-328-6000
Email: gordon.blair@odnss.com
Email: james.pennington@odnss.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carol Robin Gerard
The Law Office of Jay Lewis
Email: carolgerard@jaylewislaw.com

Jay Lewis
Law Offices of Jay Lewis, LLC
Email: j-lewis@jaylewislaw.com

David Allred
Email:  dallred@allredpclaw.com

s/James C. Pennington
Of Counsel


WHEREFORE, premises considered, Kitchens requests that this Honorable Court refrain from holding any hearing on damages until after a determination of liability is made as to plaintiff's claims against Kitchens.

Respectfully submitted,

s/ James C. Pennington
Gordon L. Blair
Attorneys for Defendant,
Kitchens Airfreight, Inc.
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203-2118
Ph:  205-328-1900
Fax: 205-328-6000
Email: gordon.blair@odnss.com
Email: james.pennington@odnss.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carol Robin Gerard
The Law Office of Jay Lewis
Email: carolgerard@jaylewislaw.com

Jay Lewis
Law Offices of Jay Lewis, LLC
Email: j-lewis@jaylewislaw.com

David Allred
Email:  dallred@allredpclaw.com

s/James C. Pennington
Of Counsel