IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) CIVIL ACTION NO. 2:06cv320-MEF |
| KITCHENS AIRFREIGHT, INC.; and OZARK DELIVERY OF ALABAMA, LLC, | ) ) ) ) |
| *Defendants.* | ) ) |

## REPLY BRIEF OF OZARK DELIVERY OF ALABAMA, LLC

NOW COMES OZARK DELIVERY OF ALABAMA, LLC ("OZARK"), one of the defendants herein, and, pursuant to the Court's Order of August 31, 2006 (Doc. 30) granting permission to do so, this defendant submits herewith the following reply to the plaintiff's brief of September 14, 2006 (Doc. 31):

1. Plaintiff's filing in opposition to Ozark's motion to vacate entry of default does not demonstrate either lack of a meritorious defense on the part of Ozark or prejudice to the plaintiff.

### A. MERITORIOUS DEFENSE:

The Calvert Affidavit shows reasons, all of which would be admissible evidence, in defense of Ozark, regarding plaintiff's claims, should Ozark be permitted to file a responsive pleading and actively defend and resist the claims. Moreover, the Calvert

affidavit demonstrates facts and reasons for setting aside the default judgment under the grounds set out in Rule 60(b)1, 3, and 6. With regard to the lack of notice issue, please note that, filed with the Calvert affidavit is a copy of the mailing referred to in that affidavit showing the dates of July 28, 2006 (postmarked in Montgomery, Alabama); August 9, 2006 (forwarding stamp from Overland Park, Kansas); and the notation "Received 8-11-06. Therefore, the forwarding time for the defendant's mail is documented and not based solely on testimony of the defendant's manager, Klein Calvert. In addition, please note that Ozark claims to have been actively misled about the status of this case, as well as the reasons for the plaintiff to be off from work on August 11, 2006. These reasons militate strongly in Ozark's favor regarding a meritorious defense.

### B.  PREJUDICE TO OPPOSING PARTY:

The plaintiff makes no argument to the Court that granting the relief sought by Ozark would work to prejudice the plaintiff; therefore, plaintiff concedes that no prejudice, in fact, would result. Co-Defendant Kitchens Airfreight objects to an assessment of damages before a determination regarding liability for the reasons set out in Kitchens' motion, to include a risk of inconsistent results.

The foregoing considered, Ozark submits that it has demonstrated a meritorious defense; that setting aside the default judgment would not prejudice the opposing party; and that the relief sought by Ozark is due to be granted.

WHEREFORE, THE PREMISES CONSIDERED, Ozark respectfully requests that this Court exercise its discretion in favor of Ozark and enter an Order setting aside the default judgment and granting Ozark leave to file a responsive pleading, participate in a Rule 16 scheduling conference, and actively prepare and present its defense in this case.

Respectfully submitted,

_____
DAVID E. ALLRED
Attorney for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977
E-mail:      dallred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of September, 2006 filed the foregoing *Reply Brief of Ozark Delivery of Alabama, LLC* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

   Jay Lewis, Esq.
   Carol Gerard, Esq.
   Gordon L. Blair, Esq.
   James C. Pennington, Esq.

_____
OF COUNSEL

-3-