IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WAYNE McGAUGHY,              )
                             )
        Plaintiff,           )
                             )
v.                           )          CASE NO. 2:06-cv-320-MEF
                             )                  (WO)
KITCHENS AIRFREIGHT, INC., *et al.*,  )
                             )
                             )
        Defendants.          )

# AMENDED MEMORANDUM OPINION AND O R D E R

## I.  INTRODUCTION

Defendant Ozark Delivery of Alabama, LLC ("Ozark") seeks to vacate an entry of

default by the Clerk of the Court as well as an order of this Court entering default judgment.

This Court has carefully reviewed Ozark's Motion to Vacate Entry of Default (Doc. # 26), the

Motion to Amend (Doc. # 28), and the positions of the parties as articulated at the August 11,

2006 motion hearing.  It is the judgment of the Court that the Motion to Vacate Entry of

Default (Doc. # 26) and the Motion to Amend (Doc. # 28) are both due to be GRANTED.

Furthermore, the Entry of Default (Doc. # 23) and the Entry of Default Judgment (Doc. # 25)

are both due to be SET ASIDE.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff Wayne McGaughy ("McGaughy"), a  61-year old Caucasian resident of

Montgomery County, Alabama, was a route driver for Fast Air of Dixie ("Fast Air").  In July

2005, when Fair Air lost its main contract with DHL, McGaughy and his fellow Fast Air employees found themselves out of a job. Subsequently, two companies, Kitchens Airfreight, Inc. ("Kitchens") and Ozark, the defendants in this action, started servicing for DHL the areas covered by Fast Air's contract. Both Kitchens and Ozark offered former Fast Air employees an opportunity to apply for jobs with their companies.

McGaughy, who was 59 at the time, applied for a driving job with Kitchens and with Ozark as positions became available. His application was rejected by both delivery companies. McGaughy claims that, despite being qualified for the position, his application was denied by Kitchens on account of his age and that "[t]he applications of younger workers with significantly less seniority, tenure, and experience were accepted." Doc. 12 at ¶ 20. As for Ozark, McGaughy asserts that in addition to denying his application on account of age, "[p]reference in hiring at Ozark was given to African-Americans .... [and the] decision-maker employed by Ozark in the employment action at issue was African-American." Doc. 12 at ¶¶ 29-30.

McGaughy subsequently filed suit in this Court on April 7, 2006, alleging unlawful employment practices in violation of various federal statutes. On June 5, 2006, after Ozark failed to answer the complaint against it, McGaughy applied to the Clerk of the Court for entry of default against Ozark. *See* Doc. 7. Before the Clerk of the Court entered default against Ozark, McGaughy withdrew his motion for entry of default and then filed an Amended Complaint on June 9, 2006.

Ozark's answer to McGaughy's original complaint was filed on June 26, 2006, in the

form of a letter from Ozark's president, Klein Calvert.  Upon Motion to Strike "Answer" of

Ozark Express (Doc. # 20), this Court struck the answer from the docket sheet because "a

limited liability corporation is an artificial entity that cannot appear *pro se* in legal

proceedings and must be represented by licensed legal counsel." Doc. 21.  The Court directed

Ozark to file a responsive pleading by July 21, 2006.  Ozark never did.

After no pleading was filed, McGaughy filed a second Application to the Clerk for

Entry of Default Against Ozark Delivery of Alabama, LLC (Doc. # 22) on July 26, 2006, and

the Clerk of this Court entered default on July 27, 2006 (Doc. # 23).  McGaughy followed up

with a Motion for Judgment by Default (Doc. # 24) on July 27, 2006, which this Court granted

on August 3, 2006.

Soon thereafter, Ozark, with retained counsel, filed a Motion to Vacate Entry of

Default / Motion for Leave to File Responsive Pleading (Doc. # 26).  In its motion, Ozark

argues that good cause exists for setting aside the entry of default because Ozark did not

receive until August 4, 2006 the order of this Court striking its answer and ordering it to file

a responsive pleading by July 21, 2006.  Ozark alleges that it changed addresses on June 27,

2006 from Overland Park, Kansas to Ozark, Missouri.  Ozark further alleges that it was

> actively misled by the plaintiff to believe that this matter had
> been settled between the parties and that the plaintiff, a current
> employee of this defendant, sought to be absent from work today
> for the stated purpose of participating in 'union activities' when,
> in fact, the real reason for the plaintiff's request for absence was
> to attend a hearing before this Court to prove damages in support
> of his entry of default.

3

Doc. # 26 at 2.  More specifically, an affidavit by Klein Calvert filed with the Motion to

Vacate (Doc. # 26) indicates that Ozark hired McGaughy as a driver on June 5, 2006.  Calvert

asserts that a condition of this hiring was that McGaughy would dismiss the instant lawsuit

as well as a companion claim for relief filed with the National Labor Relations Board.  The

settlement agreement "was not reduced to writing," but was witnessed.  Doc. # 26-2 at 2.  A

hearing was held before this Court on August 11, 2006 at which the Court continued the

damages hearing on the default and allowed Ozark the opportunity to file an amended motion

to vacate.

## III. DISCUSSION

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default

"for good cause shown."  Fed. R. Civ. P. 55(c).  Pursuant to Federal Rule of Civil Procedure

60(b), a court also has the discretion to set aside a default judgment on the basis of "mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Defaults are not

generally favored and doubts should be resolved in favor of permitting a hearing on the

merits.  *Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. 231, 233 (N.D. Ga. 1975); *see also*

*Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Under the "good cause" standard for setting aside an entry of default, only a minimal

showing must be made.   *See African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d

1201, 1202-03 (11th Cir. 1999) (reversing the setting aside an entry of default and default

judgment where the district court "provided no reason for granting the motion other than its

belief that the case ought to be decided on the merits").  Ozark has made this showing.  Ozark

argues in its Motion to Vacate Entry of Default (Doc. # 26) that there is good cause to set aside the entry of default "inasmuch as this defendant did not receive the Court's order of July 12, 2006 [granting the motion to strike Ozark's answer to the complaint and ordering Ozark to file a responsive pleading by July 21, 2006] in a timely manner due to a change of the mailing address of this defendant." Doc. # 26 at 2. The affidavit of Klein Calvert asserts that Ozark did not receive the order until August 4, 2006. Doc. # 26-2 at 2.[1] Therefore, due to the change of address, Ozark has shown "good cause" for not filing a responsive pleading.[2]

The "excusable neglect" standard for setting aside a default judgment is more rigorous than the "good cause" standard. *See Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988); *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). "In order to set aside a default on the basis of excusable neglect, the defaulting party must first show that it had a meritorious defense that might have affected the outcome and that granting the motion would not result in prejudice to the opposing party .... [and then] that good reason existed for

---

[1] This delay in mailing and Ozark's resulting lack of notice is evidenced by the post-mark on the envelope containing McGaughy's Motion for Judgment by Default (Doc. # 24). McGaughy filed the motion on July 27, 2006, but the date on the post-mark indicates that it was forwarded from Overland Park, Kansas on August 9, 2006 and received by Ozark on August, 11, 2006. *See* Doc. 28-3. This Court granted the Motion for Judgment by Default on August 3, 2006.

[2] Ozark also contends that there is good cause to set aside the default because it was "actively misled" by McGaughy to believe that this action had been dismissed pursuant to a settlement agreement. As was gleaned at the motion hearing on August 11, 2006, and by the affidavits filed in support of Ozark's motions, McGaughy has certainly made inconsistent statements. Whether or not they rise to the level of fraud or "actively misleading" is question to be raised at another time. What is sufficient to note now is that a showing of good cause to set aside the entry of default has been made to this Court's satisfaction.

failure to reply to the complaint" *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (citing *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987).

Here too Ozark has met the required threshold. First, Ozark has shown that it has a meritorious defense that might have changed the outcome. Ozark makes the defense, for example, that its "initial decision not to employ McGaughy was because of a race neutral business based reason and was not due to reasons of race or age." Doc. 28 at 5. Therefore, Ozark has raised a meritorious defense to McGaughy's claims.

Second, Ozark has shown that setting aside the default judgment will not prejudice McGaughy because "no discovery has been conducted ... and there is no indication that any evidence or testimony would be affected by setting aside the default judgment," Doc. # 26 at 5. As noted by the court in *Lowery v. Hoffman*, 188 F.R.D. 651 (M.D. Ala. 1999) (Thompson, J.):

> Prejudice is not shown by the simple delay that will inherently attend in resolving a case from the setting aside of a judgment. Instead, prejudice is shown where evidence has been lost or destroyed, or will be more difficult to obtain, or where the plaintiffs' costs will increase to an unfair degree as a result of setting aside the default.

*Id.* at 655 (internal quotations and citations omitted). Plaintiff has not provided any indication of prejudice apart from the fact that Ozark's "last-minute opposition to the entry of default [has] unnecessarily complicated this matter and have multiplied costs for both Plaintiff and the Court." Doc. 31 at 4-5. Even if McGaughy's costs do increase because of the setting aside

of the default, such an increase will not be to an unfair degree.[3]  Furthermore, McGaughy has

not already engaged in extensive discovery and will thus not have to spend time duplicating

previous expenses.  As Kitchens notes in its Opposition to any Assessment of Damages Prior

to a Determination as to its Liability (Doc. # 32), McGaughy's "responses to Kitchens's

discovery are almost two months overdue."  Doc. # 32 at 2.   Finally, as discussed in the

context of setting aside the entry of default, Ozark's change of address constitutes a "good

reason" for failing to file a responsive pleading.

It is the judgment of this Court that Ozark has shown "good cause" as required by

Federal Rule of Civil Procedure 55(c) and the entry of default is due to be set aside.

Additionally, Ozark has satisfied the standard set out in Federal Rule of Civil Procedure

60(b)(1) of "excusable neglect" and the default judgment is also due to be set aside.[4]


## IV.  CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED as follows:

---

[3] Even if the entry of default and default judgment stand undisturbed by this Court, McGaughy will incur significant costs pursuing his judgment against Ozark.  The damages hearing was continued and, therefore, McGaughy still has much work remaining.

[4] There are other means for the Court to set aside a default judgment, namely where there has been "fraud, misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. Proc. 60(b)(3).  The Court did not address these avenues for setting aside a default judgment because it was unnecessary to do so.  McGaughy should be thankful that the Court did not pursue this inquiry in more detail.  This Court takes very seriously the requirements of Federal Rule of Civil Procedure 11(b) that "[b]y presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief ... the allegations and other factual contentions have evidentiary support."

(1) The Motion to Vacate Entry of Default / Motion for Leave to File (Doc. # 26) is GRANTED.

(2) The Motion to Amend (Doc. # 28) is GRANTED.

(3) The Entry of Default (Doc. # 23) is SET ASIDE.

(4) The Entry of Default Judgment (Doc. # 25) is SET ASIDE.

(5) This case is set for a scheduling conference on **January 12, 2007** at **9:00 A.M.** in the Chambers of the undersigned, United States Courthouse, One Church Street, A-300, Montgomery, Alabama.

DONE this the 21st day of December, 2006.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE