IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WAYNE McGAUGHY,                              )
                                             )
                    *Plaintiff,*             )
                                             )
v.                                           )    CIVIL ACTION NO. 2:06cv320-MEF
                                             )
KITCHENS AIRFREIGHT, INC.; and               )
OZARK DELIVERY OF ALABAMA, LLC,              )
                                             )
                    *Defendants.*            )

## ANSWER TO FIRST AMENDED COMPLAINT

NOW COMES **OZARK DELIVERY OF ALABAMA, LLC,** one of the defendants herein, by and through its attorneys, and submits the following Answer to the plaintiff's First Amended Complaint:

1.    Denied.

2.    This defendant admits that the alleged occurrences, if taken as true, would have occurred in Montgomery, Alabama. However, this defendant denies the alleged occurrences ever took place.

3.    This defendant admits that the plaintiff is over the age of 40, Caucasian, and a United States citizen. This defendant denies the remaining allegations of Paragraph 3.

4.    This defendant admits that Kitchens Airfreight, Inc. does business in Montgomery County, Alabama, but denies the remaining allegations of Paragraph 4.

5.    Admitted.

6.    Denied.

7.    Denied.

8.    Denied.

8.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 8.

9.    Denied.

10.    Admitted.

11.    Admitted on information and belief.

12.    Admitted on information and belief.

13.    This defendant lacks sufficient information to admit or deny the allegations of this paragraph.

14.    Admitted.

15.    This defendant lacks sufficient information to admit or deny the allegations of this paragraph.

16.    This defendant lacks sufficient information to admit or deny the allegations of this paragraph.

17.    Denied.

18.    This defendant lacks sufficient information to admit or deny the allegations of this paragraph.

19.     This defendant lacks sufficient information to admit or deny the allegations of this paragraph.

20.     This defendant lacks sufficient information to admit or deny the allegations of this paragraph.

21.     This defendant lacks sufficient information to admit or deny the allegations of this paragraph.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Admitted.

26.     Admitted.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Admitted.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.    Denied.

38.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 29.

39.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 30.

40.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 31.

41.    This defendant admits that the plaintiff is Caucasian, but otherwise denies the allegations set forth in the second paragraph denominated as Paragraph 32.

42.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 33.

43.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 34.

44.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 35.

45.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 36.

46.    This defendant denies the allegations set forth in the second paragraph denominated as Paragraph 37.

47.    This defendant denies the allegations set forth in the first paragraph denominated as Paragraph 38.

48.     This defendant admits that the plaintiff is over 40 years of age, but denies the remaining allegations of the first paragraph denominated as Paragraph 39.

49.     This defendant denies the allegations set forth in Paragraph 40.

50.     This defendant denies the allegations set forth in Paragraph 41.

51.     This defendant denies the allegations set forth in Paragraph 42.

52.     This defendant denies the allegations set forth in Paragraph 43.

53.     This defendant denies the allegations set forth in Paragraph 44.

54.     This defendant denies the allegations set forth in Paragraph 45.

55.     This defendant admits that the plaintiff is over 40 years of age, but denies the remaining allegations set forth in Paragraph 46.

56.     This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 47.

57.     This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 48.

58.     This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 49.

59.     This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 50.

60.     This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 51.

61.    This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 52.

62.    This defendant denies that the plaintiff is entitled to the relief requested in Paragraph 52(a).

63.    This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 52(b).

64.    This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 52(c).

65.    This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 52(d).

66.    This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 52(e).

67.    This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 52(f).

68.    This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 52(g).

69.    This defendant lacks sufficient information to either admit or deny and, therefore, denies the allegations set forth in Paragraph 52(h).

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Not guilty.

### SECOND DEFENSE

This defendant denies that it took any employment action adverse to the plaintiff that was based on reasons of age or race.

### THIRD DEFENSE

This defendant states that the plaintiff's non-hiring was the result of a business-based, non-discriminatory reason.

### FOURTH DEFENSE

This defendant pleads accord and satisfaction, as well as settlement. Under the terms of the settlement of the plaintiff's claim with the National Labor Relations Board against this defendant, which claim is the companion to this case, the plaintiff was paid $10,000, was employed by this defendant, and agreed to dismiss all claims related to the NLRB complaint; specifically, the instant case.

## FIFTH DEFENSE

This defendant further states that, regarding any potential judgment, it is entitled to a set-off in the amount of $10,000 that it paid in settlement of the plaintiff's NLRB claim and also against any lost wages claimed by the plaintiff.

## SIXTH DEFENSE

This defendant states that, should it be the prevailing party in the present litigation, it is entitled to attorney fees pursuant to 42 U.S.C. § 2000e-5k.

## SEVENTH DEFENSE

The plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## EIGHTH DEFENSE

This defendant pleads that the plaintiff has unclean hands regarding the allegations set forth in the Complaint.

## NINTH DEFENSE

Any award of damages for emotional distress and/or mental anguish would be improper absent expert medical testimony regarding causation.

## TENTH DEFENSE

This defendant states that plaintiff has failed to mitigate his damages.

                                        /s/ David E. Allred
                                        DAVID E. ALLRED
                                        D. CRAIG ALLRED
                                        Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977
E-mail:       dallred@allredpclaw.com
              callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of February, 2007 filed the foregoing *Answer to First Amended Complaint* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

        Jay Lewis, Esq.
        Carol Gerard, Esq.
        Gordon L. Blair, Esq.
        James C. Pennington, Esq.

                                        /s/ David E. Allred
                                        OF COUNSEL