FORM NLRB-4775

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
**SETTLEMENT AGREEMENT**

IN THE MATTER OF

Ozark Delivery, LLC
and

Case Nos. 15-CA- 17756
15-CA- 17921

International Brotherhood of Teamsters, Local Union 612

The undersigned Charged Party and the undersigned Charging Party, in settlement of the above matter(s), and subject to the approval of the Regional Director for the National Labor Relations Board, HEREBY AGREE AS FOLLOWS:

**POSTING OF NOTICE** — Upon approval of this Agreement, the Charged Party will post immediately in conspicuous places in and about its plant/office, including all places where notices to employees/members are customarily posted, and maintain for 60 consecutive days from the date of posting, copies of the attached Notice made a part hereof, said Notices to be signed by a responsible official of the Charged Party and the date of actual posting to be shown thereon. In the event this Agreement is in settlement of a charge against a union, the union will submit forthwith signed copies of said Notice to the Regional Director who will forward them to the employer whose employees are involved herein, for posting, the employer willing, in conspicuous places in and about the employer's plant where they shall be maintained for 60 consecutive days from the date of posting. Further, in the event that the charged union maintains a bulletin board at the facility of the employer where the alleged unfair labor practices occurred, the union shall also post Notices on such bulletin board during the posting period.
**COMPLIANCE WITH NOTICE** — The Charged Party will comply with all the terms and provisions of said Notice.

**BACKPAY** — The Charged Party will make whole the employees named below by payment to each of them of the amount opposite each name. In the event this Agreement is in settlement of a charge against an employer, appropriate payroll tax withholdings for social security and income taxes are to be deducted from the backpay amount. The employer will be responsible for determining proper tax withholding, for paying its matching FICA tax contribution on the backpay amount, for submitting proper tax payments and reports to tax authorities, as well as for providing tax reports to the employees named below to use in filing income tax returns.

|  | Backpay | Interest |
|---|---|---|
| **Kenneth Heaton** | $2,700.00 | $300.00 |
| **Leslie Jordan** | $10,800.00 | $1,200.00 |
| **Dudley Wayne McGaughy** | $9,000.00 | $1,000.00 |
| **Antoinette Smith** | $900.00 | $100.00 |



EXHIBIT 10

**SCOPE OF THE AGREEMENT** — This Agreement settles only the allegations in the above captioned case(s), and does not constitute a settlement of any other case(s) or matter(s). It does not preclude persons from filing charges, the General Counsel from prosecuting complaints, or the Board and the courts from finding violations with respect to matters, which precede the date of the approval of this Agreement regardless of whether such matters are known to the General Counsel or are readily discoverable. The General Counsel reserves the right to use the evidence obtained in the investigation and prosecution of the above captioned case(s) for any relevant purpose in the litigation of this or any other case(s), and a judge, the Board and the courts may make findings of fact and/or conclusions of law with respect to said evidence.

**REFUSAL TO ISSUE COMPLAINT** — In the event the Charging Party fails or refuses to become a party to this Agreement, and if in the Regional Director's discretion it will effectuate the policies of the National Labor Relations Act, the Regional Director shall decline to issue a Complaint herein (or a new Complaint if one has been withdrawn pursuant to the terms of this agreement), and this Agreement shall be between the Charged Party and the undersigned Regional Director. A review of such action may be obtained pursuant to Section 102.19 of the Rules and Regulations of the Board if a request for same is filed within 14 days thereof. This Agreement is contingent upon the General Counsel sustaining the Regional Director's action in the event of a review. Approval of this Agreement by the Regional Director shall constitute withdrawal of any Complaint(s) and Notice of Hearing heretofore issued in this case, as well as any answer(s) filed in response.

**PERFORMANCE** — Performance by the Charged Party with the terms and provisions of this Agreement shall commence immediately after the Agreement is approved by the Regional Director, or if the Charging Party does not enter into this Agreement, performance shall commence immediately upon receipt of the Charged Party of advice that no review has been requested or that the General Counsel has sustained the Regional Director.

**NOTIFICATION OF COMPLIANCE** — The undersigned parties to this Agreement will each notify the Regional Director in writing what steps the Charged Party has taken to comply herewith. Such notification shall be given within 5 days, and again after 60 days, from the date of the approval of this Agreement. In the event the Charging Party does not enter into this Agreement, initial notice shall be given within 5 days after notification from the Regional Director that no review has been requested or that the General Counsel has sustained the Regional Director. Contingent upon compliance with the terms and provisions hereof, no further action shall be taken in this case.

| Charged Party<br>Ozark Delivery of Missouri, LLC f/n/a Ozark Delivery, LLC || Charging Party<br>International Brotherhood of Teamsters, Local Union 612 ||
|---|---|---|---|
| By: Name and Title<br>/s/ Klein Calvert | Date<br>10/04/06 | By: Name and Title<br>/s/ George Yarbrough | Date<br>10/04/06 |
| Recommended By:<br>/s/ Stephen C. Bensinger<br>Board Agent | Date | Approved By:<br>/s/ M. Kathleen McKinney<br>Regional Director | Date<br>10/10/06 |