IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv320-MEF |
| ) | |
| KITCHENS AIRFREIGHT, INC.; and ) | |
| OZARK DELIVERY OF ALABAMA, LLC, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM BRIEF AND ARGUMENT IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES OZARK DELIVERY OF ALABAMA, LLC (hereinafter "OZARK"), the defendant herein, and submits the following in reply to Plaintiff D. Wayne McGaughy's (hereinafter "McGaughy") response to this defendant's motion for summary judgment.

### SUMMARY OF ARGUMENT IN REPLY

There being undisputed substantial evidence that applicants who were white and were McGaughy's senior were hired in his stead, no rational factfinder could conclude that the denial of McGaughy's application was discriminatory. Though McGaughy has failed to proffer substantial evidence regarding pretext, even assuming, *arguendo*, that McGaughy had satisfied this burden, the above cited statistics leave no issue of fact for a jury to decide and his claims do not survive summary judgment.

## ARGUMENT

*No rational factfinder could conclude that Ozark's actions were discriminatory*

Even if this Court were to decide that McGaughy has satisfied his burden of producing evidence that the proffered reasons for the denial of his application were pretextual, the hiring of applicants who were both Caucasian and McGaughy's senior establishes that McGaughy was not denied employment on the basis of race or age discrimination, as he claims. The hiring of similarly situated employees in the same applicant pool as McGaughy forecloses any dispute of fact such that no rational factfinder could conclude that Ozark's denial of McGaughy's application was based on reasons of his age and race.

Simply offering evidence that the employer's proffered reasons for the denial of the plaintiff's application were pretextual does not mean that the plaintiff's claims survive summary judgment. *Chapman v. AI Transport*, 229 F.3d 1012, 1025 (11th Cir. 2000) ("Even if the plaintiff does proffer sufficient evidence that the defendant's stated reasons are pretextual, the plaintiff still may not be entitled to take his case to a jury.") The U. S. Supreme Court examined this issue in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2105, 147 L.Ed.2d 105 (2000), stating:

> "Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, *no rational factfinder could conclude that the action was discriminatory*. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the

> employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred...." [*Emphasis supplied*]
>
> "Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law...."

*Reeves,* 120 S.Ct. at 2109.

> "When a plaintiff alleges disparate treatment, 'liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.... That is, the plaintiff's age must have 'actually played a role in [the employer's decision making] process and had a determinative influence on the outcome."

*Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610 (1993)

In the instant case, McGaughy's purported evidence of pretext not only fails to create a fact dispute, but also fails to set forth facts upon which a rational factfinder could conclude that Ozark's denial of McGaughy's application was discriminatory. To the contrary, McGaughy cannot escape the reality that there were employees older than he hired by Ozark both before and after his application was denied, as well as white employees. As McGaughy admits in his brief, within six weeks of his application with Ozark, seven white applicants were hired. (*Response to Motion for Summary Judgment* ¶12) In hiring its initial employees, the group in which McGaughy submitted his application, there were seven individuals over the age of 40 years old whose applications were accepted, three of whom were <u>older</u> than McGaughy, who was 60 at the time his

-3-

application was submitted. In fact, Ozark's oldest employee, Charles Johnson, who is <u>seven years</u> McGaughy's senior, was hired on the very day that Wayne McGaughy submitted his application to Ozark. Two other initial applicants who are older than McGaughy and were hired by Ozark are Patricia Armstrong, 63 years old, and Diane Bergen, age 60. Significantly, Ms. Bergan is older than McGaughy and is also white. Thus, under the standard enunciated by the U.S. Supreme Court in *Reeves, supra*, McGaughy's claims must fail as a matter of law.

*McGaughy has failed to proffer substantial evidence of pretext*

While there is ample evidence to suggest that Ozark knew of McGaughy's poor work history at the time it denied his application, there is also ample evidence to support his decision not to state this as a reason for denying his application. One week before ever even submitting his application to Ozark, McGaughy had already filed a complaint against Ozark with the NLRB (See *Ozark's Response to Plaintiff's First Requests for Production, Number 5*). Within six days of submitting his application to Ozark, he had already filed an EEOC charge alleging age and race discrimination *(Plaintiff's Response to Motion for Summary Judgment, ¶6)*. In this regard, it is clear that Wayne McGaughy's aim in filing an application with Ozark was to file an NLRB claim, an EEOC charge, and eventually, this lawsuit. Furthermore, it is undisputed that Ozark had knowledge of McGaughy's poor work history with Fast Air at the time that it denied McGaughy's application. With this in mind,

and there being no positions at Ozark available anyway, there was no logical reason to cite his poor work history with Fast Air as a reason for his non-hiring.

Once the defendant puts forth evidence of a legitimate non-discriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to "supply evidence, including the previously produced evidence establishing the prima-facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Schweers v. Montgomery Public Schools*, 2007 WL 60926 (M.D.Ala.2007) (citing *Davis v. Qualico Miscellaneous, Inc.*, 161 F.Supp.2d 1314, 1322 (M.D.Ala.2001)). "Plaintiff bears the burden of establishing pretext and must present 'significantly probative' evidence on the issue to avoid summary judgment." *Schweers, supra*, citing *Young v. Gen. Foods Corp.*, 840 F.2d 825, 829 (11th Cir.1988). "If the employee does not offer sufficient evidence showing that each and every proffered reason is pretextual, then summary judgment is mandatory." See *Chapman v. AI Transp.*, 229 F.3d 1012, 1037 (11th Cir.2000) (en banc) (citing *Combs*, 106 F.3d at 1543). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Schweers, supra*, citing *Chapman, supra*, 229 F.3d at 1030.

The only facts in support of McGaughy's contention that the reasons stated by Ozark for his non-hiring were pretextual, is that Ozark's response to McGaughy's EEOC charge listed the lack of any open positions as the reason for McGaughy's non-hiring,

-5-

whereas the reasons stated in the present litigation for his non-hiring are that there were no positions available and he was a poor employee for Fast Air of Dixie *(Plaintiff's Response to Motion for Summary Judgment, ¶¶ 7-9)*. Citing this as evidence of pretext is self-serving, in light of the foregoing facts regarding Ozark's concern that McGaughy would pursue litigation. Ozark's intentional omission was out of self preservation. Ozark did cite McGaughy's poor work history with Fast Air as a reason for his non-hiring after McGaughy had consulted an attorney and it was clear that further legal proceedings were forthcoming *(Plaintiff's Response to Motion for Summary Judgment, ¶9, Ex. 5)*.

With hesitancy to cite to deposition testimony for which the transcript is not yet available, McGaughy's references to Klein Calvert's deposition (for which no transcript is available) necessitates that it be done here. In this regard, McGaughy claims that Ozark "brought drivers in from other offices outside of Alabama" to establish that there were jobs available at the time that McGaughy's application was denied *(Plaintiff's Response to Motion for Summary Judgment, ¶ 8)*. However, these were drivers and managerial employees brought in to assist Calvert when Ozark first began its operations. As such, these were temporary employees while McGaughy's application was for a permanent position. Thus, to cite this as evidence that Ozark's stated reason for denying McGaughy's application is untrue would be a gross distortion of the facts and would not rebut Ozark's non-discriminatory reason.

It is clear from the foregoing that any mention of McGaughy's poor work history with Fast Air would have only further motivated him to pursue further litigation against

Ozark. In light of the fact that there were no positions available, it is also clear that there was no reason to stir up acrimony by doing so. Thus, any such "evidence" cited by McGaughy is self-serving, is simply quarreling with the wisdom of Ozark's reasons for non-hiring and does not create a fact dispute and is not sufficient to defeat a properly supported motion for summary judgment.

## CONCLUSION

For the reasons set forth herein, this defendant states that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

Respectfully submitted,

_____
DAVID E. ALLRED (ALL039)
D. CRAIG ALLRED (ALL078)
Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:  (334) 396-9977
E-mail:   dallred@allredpclaw.com
          callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 28th day of March, 2007 filed the foregoing *Memorandum Brief and Argument In Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

    Jay Lewis, Esq.
    Carol Gerard, Esq.

                                                                  /s/
                                                 OF COUNSEL