IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WAYNE McGAUGHY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv320-MEF |
| | ) | |
| KITCHENS AIRFREIGHT, INC.; and | ) | |
| OZARK DELIVERY OF ALABAMA, LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MOTION IN OPPOSITION TO
## PLAINTIFF'S MOTION TO SHORTEN TIME

NOW COMES OZARK DELIVERY OF ALABAMA, L.L.C.., the defendant herein, and

submits the following in opposition to the plaintiff's Motion to Shorten Time:

1.    Plaintiff seeks to discover the employee file of Arthur Scott, a non-party who

will testify at the trial of this matter.

2.    Ozark objects to producing Scott's employee file insofar as the documents

sought are not relevant to the issues in this case, as Arthur Scott's employment is not at

issue.

3.    The information sought by plaintiff's request seeking Scott's employee file

is available from another source; that is, by taking his deposition, which is scheduled for

April 4, 2007.

4.    Having failed to exercise due diligence in proceeding with discovery and

having delayed until the eleventh hour, plaintiff should be precluded from conducting

further discovery. Plaintiff was aware that Scott, as plaintiff's supervisor with this former

employer, would be a material witness at the time that he filed this lawsuit, and certainly

at the time that this defendant filed its motion for summary judgment more than a month

ago in which the affidavit of Arthur Scott was submitted in support thereof.

5.      Discovery in this case has been on-going for quite some time with Ozark

having already responded to McGaughy's previous requests for production. In this regard,

the 11th Circuit has held that:

> "Where a significant amount of discovery has been obtained,
> and it appears that further discovery would not be helpful in
> resolving the issues, a request for further discovery is properly
> denied."

*Camara v. Brinker Intl.*, 161 Fed.Appx. 893, 895 (C.A. 11 Fla. 2006). In *Camara*, Plaintiff

Camara, who was a former employee of Chili's Bar and Grill and had sued the restaurant

after her termination, sought the personnel files of three of her managers at Chili's.

Camara had been fired because of poor interpersonal skills and argued that the managers'

employee files would be relevant to the action because they had also been criticized for

poor interpersonal relations but had not been terminated. *Id.* at 894 and 895. Despite the

commonality in the reasons for the plaintiff's termination and the material sought, the 11th

Circuit held that the District Court had not abused its discretion in refusing to compel

production of the employee files.

6.      In the instant case, there is absolutely no commonality between the plaintiff's

claims and the employee file of Arthur Scott. Thus, plaintiff is not entitled to discover its

contents and it would not be an abuse of discretion for this Court to refuse to compel production.

7.    Furthermore, Ozark objects to producing Scott's employee file insofar as such production would be a violation of Scott's privacy rights. Scott is not a government employee and is not subject to the Freedom of Information Act.

WHEREFORE, THE PREMISES CONSIDERED, this defendant prays this Court to refuse to compel production of the employee file of Arthur Scott.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977
E-mail:        dallred@allredpclaw.com
               callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 28th day of March, 2007 filed the foregoing *Motion in Opposition to Plaintiff's Motion to Shorten Time* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

        Jay Lewis, Esq.
        Carol Gerard, Esq.

OF COUNSEL