IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WAYNE McGAUGHY,                      )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    CIVIL ACTION NO. 2:06CV320-MEF
                                     )
OZARK DELIVERY OF                    )
ALABAMA, LLC                         )
                                     )
        Defendant.                   )
                                     )

## ORDER ON MOTION

On March 26, 2007, Plaintiff filed a Motion to Shorten Time (Doc. #54-1) within which Defendant must respond to Plaintiff's Request for Production of Documents to seven days.  Plaintiff seeks a copy of the personnel file of Arthur Scott (Mr. Scott), a non-party in this action, from Defendant because Plaintiff "reasonably believes that the . . . file will lead to the discovery of relevant . . .evidence."  Doc. #54-1.  Plaintiff maintains that he requires a copy of the file to prepare for his deposition of Mr. Scott, Plaintiff's former supervisor.  Defendant opposed the motion.  Doc. #58.

Upon consideration of the motion, the Court finds that, rather than a motion to shorten time, Plaintiff's motion appears to request an order compelling Defendant to produce Mr. Scott's personnel file.  Because Mr. Scott is not a party to this action, the Court finds discovery of the personnel file inappropriate, as the file contains personal information.  More importantly, Plaintiff merely alleges that the discovery of the file will

lead to relevant evidence.  This bald statement fails to show how the requested discovery is relevant to his cause of action and not subject to privilege.  Plaintiff will have an opportunity to discover any relevant evidence directly from Mr. Scott at the deposition he has scheduled.  Finally, the Court observes that Plaintiff filed his motion approximately 17-days prior to the conclusion of discovery in an action he commenced almost a year ago.  As Mr. Scott was Plaintiff's supervisor, it appears that Plaintiff could have requested the file earlier in the discovery period.  No reason was provided in the motion for Plaintiff's delay.  It is therefore

ORDERED that Plaintiff's motion (Doc. #54-1) is DENIED.

DONE this 30th day of March, 2007.

_____  /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE