1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---

WAYNE MCGAUGHY,            )
                           )
          Plaintiff,       )
                           )
     -vs-                  )  No. 2:06-CV-320-MEF
                           )
OZARK DELIVERY OF ALABAMA, )
LLC,                       )
                           )
          Defendant.       )

**ORIGINAL**

---

THE DEPOSITION OF KLINE CALVERT, produced, sworn and examined on the part of the Plaintiff, pursuant to Notice to Take Deposition, on Tuesday, the 20th day of March, 2007, at 16009 S. Brookfield, in the City of Olathe, County of Johnson and State of Kansas, before me:

DEBBIE HANEY, CCR
Of
NATIONAL COURT REPORTERS, INC.
Court Reporters

A Certified Court Reporter, within and for the State of Kansas.

A p p e a r a n c e s:

For the Plaintiff          LAW OFFICES OF JAY LEWIS, LLC
(Via telephone)            847 S. McDonough Street
                           Montgomery, AL 36104
                           J-lewis@jaylewislaw.com
                           By:  Mr. Jay Lewis

For the Defendant          Hon. D. Craig Allred
(Via telephone)            7030 Fain Park Drive
                           Suite 9
                           Montgomery, AL 36117
                           Callred@allredpclaw.com
                           By:  Mr. Craig Allred

Case 2:06-cv-00320-MEF-WC   Document 65-3   Filed 04/19/2007   Page 2 of 10

WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC
Multi-Page™
KLINE CALVERT
MARCH 20, 2007

Page 27

```
 1      Q.  I'm not going to ask you anything about it, I
 2  just wanted to know whether you had a copy of it.
 3      A.  Okay.
 4      Q.  You had indicated in some pleadings or filings
 5  with the district court, I believe, that there was an
 6  agreement between you and Mr. McGaughy when he was
 7  actually hired in, I believe 2006, that this case would be
 8  dismissed?
 9      A.  Yes, sir.
10      Q.  And where and when did Mr. McGaughy tell you
11  that?
12      A.  It was George, the union guy George -- Wayne
13  knows his last name.  Yarbrough.  George Yarbrough and I
14  met on June 5th of last year and he was trying to get me
15  at that point in time to hire Wayne back.  And I told
16  George during that meeting -- and George was acting as
17  Wayne's agent because he is Wayne's union representative.
18          I told George during that meeting that my
19  attorney at the time, Jason -- had not met Mr. Allred yet
20  -- that my attorney Jason and I had kind of agreed that we
21  didn't need to hire Wayne when he had a pending lawsuit
22  against us, being the EEOC suit and also with all the NLRB
23  grievances that had been filed back and forth by Wayne and
24  two other NLRB or union representatives.
25          Jason and I had discussed this at length and I
```

Case 2:06-cv-00320-MEF-WC   Document 65-3   Filed 04/19/2007   Page 3 of 10

WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC

Multi-Page™

KLINE CALVERT
MARCH 20, 2007

Page 28

1  told Mr. Yarbrough that I did not feel comfortable hiring
2  Wayne back with a pending suit against me on both the NLRB
3  side and also on the EEOC side, and he assured me that if
4  I would give Wayne his job back, we could work out
5  something on the NLRB side and that he would dismiss the
6  EEOC side.  At that point in time, I agreed to it and the
7  NLRB side was worked out at a later date.
8      Q.  Tell me again what Mr. Yarbrough told you about
9  the lawsuit.
10     A.  Told me that if I would hire Wayne back -- not
11 hire Wayne back, that is the wrong term because I never
12 hired him in the first place.  That if I would hire Wayne,
13 that he would see that the EEOC suit was dismissed and
14 that we would settle on the NLRB side.
15     Q.  Okay.  That's what Mr. Yarbrough told you?
16     A.  Yes, sir.
17     Q.  Was Wayne present during that meeting?
18     A.  Not during that one.  He was at a later meeting.
19     Q.  When did Wayne tell you that he would dismiss the
20 suit?
21     A.  Wayne never did.  It was always going through
22 Mr. Yarbrough, who is Wayne's agent.
23     Q.  And what led you to believe that he was Wayne's
24 agent with regard to the lawsuit?
25     A.  That, I don't know.  He just said that he would

Case 2:06-cv-00320-MEF-WC   Document 65-3   Filed 04/19/2007   Page 4 of 10

WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC

Multi-Page™

KLINE CALVERT
MARCH 20, 2007

Page 29

```
 1   make it go away.  So that's all I could -- that's all I
 2   could go off of.
 3        Q.   Were you aware that Mr. McGaughy had a lawyer at
 4   the time?
 5        A.   Yeah.  Yes, sir, you were his lawyer at the time.
 6        Q.   At the time you had the conversation with
 7   Mr. Yarbrough?
 8        A.   Yes, sir.
 9        Q.   On or about October 4th, 2006, you reached an
10   agreement to settle the NLRB matter; is that correct?
11        A.   Yes, sir.
12        Q.   And have I given you -- no, I haven't.  Exhibit
13   7?
14        A.   Yes, sir, got it in my hand.
15        Q.   Under Scope of the Agreement, it indicates and
16   advises you that this agreement settles only the
17   allegations in the above captioned cases?
18        A.   Yes, sir.
19        Q.   The NLRB case?
20        A.   Yes, sir, that is correct.
21        Q.   Does not constitute a settlement of any other
22   cases or matters?
23        A.   Yes, sir, that is correct.
24        Q.   You understood that at the time you entered into
25   this agreement?
```

Case 2:06-cv-00320-MEF-WC   Document 65-3   Filed 04/19/2007   Page 5 of 10

WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC

Multi-Page

KLINE CALVERT
MARCH 20, 2007

Page 30

```
 1    A.  Yes, sir, sure did.
 2    Q.  And it's your testimony that Mr. Yarbrough is the
 3  only one who ever told you that Mr. McGaughy would drop
 4  his lawsuit?
 5    A.  Yes, sir.
 6    Q.  I'm going to show you Exhibits 9 and 10 at this
 7  point.
 8    A.  Okay.
 9    Q.  I believe those exhibits are identical.  One of
10  them was filed, according to my recollection, during
11  August of 2006 in connection with a submission to the
12  district court.  The other one was filed in connection
13  with your attorney's motion for summary judgment on
14  February 23, 2007.  Otherwise, are those affidavits
15  identical?
16    A.  The two I have in my hand are both dated the same
17  thing, which is the 10th day of August, 2006.  One of them
18  was filed on eight-something 2006 and the other one was
19  filed on 2-23-2007.
20    Q.  They are the same affidavit?
21    A.  I assume so.  I have not read through both of
22  them but I assume so.
23    Q.  All right.  In your affidavit, unless I have
24  missed something, you don't say anything about the fact
25  that there were no jobs available at the time Mr. McGaughy
```

Case 2:06-cv-00820-MEF-WC    Document 65-3    Filed 04/19/2007    Page 6 of 10

WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC
Multi-Page™
KLINE CALVERT
MARCH 20, 2007

Page 31

1   applied. Is that correct?
2       A.  Not on this one, no, sir.
3       Q.  Paragraph 9, it says Wayne McGaughy, as a
4   condition of his hiring, agrees to dismiss all litigation
5   that he has filed against my company, including the
6   federal lawsuit, as well as a claim for relief filed with
7   the National Labor Relations Board. Did I read that
8   correctly?
9       A.  Yes, sir.
10      Q.  In what way do you contend that Wayne agreed to
11  dismiss the litigation?
12      A.  George Yarbrough stated as such in two meetings.
13      Q.  And Paragraph 10 talks about Mr. McGaughy's
14  representations that the lawsuit was resolved?
15      A.  Yes, sir.
16      Q.  Never made any direct representations to you?
17      A.  No, sir, just through George.
18      Q.  Nor did his lawyer?
19      A.  No, sir.
20      Q.  Were you under the impression that Mr. Yarbrough
21  was representing Mr. McGaughy in his lawsuit?
22      A.  Yes, sir.
23      Q.  And Paragraph 11 says that the settlement
24  agreement, while it was not reduced to writing, was agreed
25  by the parties. Would that be Mr. McGaughy?

Case 2:06-cv-00320-MEF-WC   Document 65-3   Filed 04/19/2007   Page 7 of 10

WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC

Multi-Page™

KLINE CALVERT
MARCH 20, 2007

Page 32

1  A. I'm going to say that the parties there, because
2  Mr. McGaughy was not there on June the 5th, was just
3  George and myself.
4  Q. Says that it was witnessed by George Yarbrough.
5  And I'm confused when you say witnessed by Mr. Yarbrough.
6  A. George was the one that made the agreement.
7  Q. Why do you say he witnessed it then?
8  A. He was a part of it. So maybe the witness is not
9  the correct word. But if George made the agreement --
10 what word would you use there?
11 Q. I don't know. I'm just asking about the ones you
12 used.
13 A. Okay, maybe witness was not the correct word.
14 George and I made the agreement.
15      MR. ALLRED: Let him ask another question.
16 Q. (By Mr. Lewis) Let's go to -- I guess it's
17 Paragraph 16. That has a lot of subparts to it. Did you
18 not hire Mr. McGaughy in any way because of his union
19 activities?
20 A. I don't understand your question.
21 Q. Well, did his union activities have anything to
22 do with his not being hired?
23 A. No.
24 Q. Under subparagraphs d and c, who are the
25 employees that you considered better qualified than Wayne?

Case 2:06-cv-00820-MEF-WC    Document 65-3    Filed 04/19/2007    Page 8 of 10

WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC

Multi-Page

KLINE CALVERT
MARCH 20, 2007

Page 36

1  box as directions, map-type directions, to get Wayne into
2  those areas and Wayne would still refuse to deliver them.
3  They couriered out a lot of Wayne's route periodically due
4  to Wayne's not doing his job like he was hired to do.
5      Wayne would ask for days off on short notice and
6  then take them, anyway, even if they were approved or not
7  approved. And I think that pretty well covers it.
8      Q.  Did he give you any specific examples of any of
9  that?
10     A.  Yes, sir, he did. And it's very similar to the
11 specific examples that I have in my file of the seven
12 months that Wayne worked for me. I was not privileged to
13 Fast Air's file so I did not have them. But very similar
14 circumstances to what his employment was with me for the
15 seven months he worked for me.
16     Q.  But he didn't tell you which addresses he
17 wouldn't go to or what days he took off?
18     A.  No. And I don't really feel that that was
19 relevant.
20     Q.  Going back to Exhibit 10.
21     A.  Yes, sir.
22     Q.  Says Mr. McGaughy has also made statements to me
23 causing me to believe this litigation was to be dismissed.
24 When and what did Mr. McGaughy say to you about the
25 litigation being dismissed?

Case 2:06-cv-00320-MEF-WG    Document 65-3    Filed 04/19/2007    Page 9 of 10

WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC

Multi-Page™

KLINE CALVERT
MARCH 20, 2007

Page 37

A. Wayne and George and I had a conference meeting at the DHL facility sometime after Wayne started back to work and that was brought up at that time in that conference. And again, George, with Wayne sitting next to him, said we're going to work through that, it will be okay. Let's just concentrate on the union affairs at hand now. So by stating that again, it's my trusting assumption that we were working that direction.

Q. I need to know what statements Mr. McGaughy actually made.

A. He didn't make anything that whole day.

Q. Okay. Let's go to the next paragraph where it says McGaughy has gone to great lengths to hide from me that this matter was not dismissed even lying to me as to why he needed to be off of work on August 11th, stating he had union activities when in fact he was planning to testify before this court at a damage hearing.

A. Where are you?

Q. Paragraph H.

A. Paragraph H on what document? There it is.

Q. Document 10.

A. Okay, I'm there. Yes, that is correct. You know, it's just another one of those things. Every time I would talk to George about this, George would always assure me that we were working through this. And then he

Case 2:06-... Document 65-3  Filed 04/19/2007  Page 10 of 10
WAYNE McGAUGHY v.
OZARK DELIVERY OF ALABAMA LLC
KLINE CALVERT
MARCH 20, 2007
Page 38

1  came in -- Wayne came in a few days before August 11th and
2  told Shaun that he needed off for union activities. Shaun
3  called me and told me that Wayne needed off for union
4  activities, and Shaun always kept me aware of any union
5  activities that were going on. And she said that Wayne
6  needs off and I told her, I don't know of any union
7  activities.

So I called George and I said, George, what union
activities do we have going on on August 11th? And he
said, Kline, I don't have anything. So I called Shaun
back and I said, We don't have any union activities going
on August 11th. What's going on? And that's when Wayne
brought in the paperwork showing the EEOC suit for final
judgment. And Shaun called me back and said, No, it's not
union, he's changed his story now, it's an EEOC. I said,
Okay, that's what I need to know. Thank you.

Q. What did Mr. McGaughy say to you directly that says he needed to be off for union activities?

A. Wayne has never talked to me. He did not say anything. When he says something to my managers, it is relayed to me just like I am an extension of them.

Q. But when you say that you have personal knowledge that he lied to you, that's being filtered through Shaun Turner?

A. Yes, sir.