IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WAYNE McGAUGHY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 2:06-cv-320-MEF |
| | ) | |
| OZARK DELIVERY OF ALABAMA, LLC | ) | |
|     Defendant. | ) | |

### RESPONSE TO MOTION TO COMPEL

**COMES NOW** Plaintiff Wayne McGaughy ("Plaintiff"), by and through his attorney of record, and would show the Court as follows:

The defendant has filed a motion to compel Plaintiff to produce a copy of any settlement agreement reached between him and terminated defendant Kitchens Airfreight, Inc.

Without disclosing whether or not there is a settlement agreement, the undersigned counsel avers that any settlement agreement that might exist is confidential by its own terms, and that confidentiality "is a material inducement for them to settle this case."

While it is black-letter law that evidence of settlement negotiations between current parties is inadmissible at trial (Rule 408, F.R.Evid.), it is somewhat less clear when what is sought is evidence of settlement negotiations between a present plaintiff and a terminated co-defendant. Some case law is available, however. In *McInnis v. A.M.F., Inc.*, 765 F.2d 240 (1st Cir. 1985), the appellate court held that a motorcycle manufacturer was not entitled under Rule 408 to introduce evidence that the motorcyclist plaintiff had reached a settlement with the driver of a car that collided with his bike, injuring him. That case has been criticized, however.

Candor requires counsel to advise the Court that the Eleventh Circuit appears to have

construed Rule 408 more narrowly. As the court held in *Dallis v. Aetna Life Ins. Co.*, 768 F.2d 1303, 1307 (11th Cir. 1985), "[f]or Rule 408 to apply, there must be an actual dispute, or at least an apparent difference of opinion between the parties, as to the validity of a claim. 2 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 408[01], at 408-10 to 11 (1982)." The Eleventh Circuit has apparently rejected the "relatedness" test in favor of the more traditional "same transaction" test. In a footnote, however, the same court opined, "[w]e do not reach the question of whether Rule 408 bars evidence of a settlement between one of the parties and a third party when such settlement involves similar circumstances to, but does not arise out of, the transaction with which the litigation is concerned." *Dallis*, 768 F.2d at 1307, n.2.

In *Westchester Specialty Ins. Services, Inc. v. U.S. Fire Ins. Co.*, 119 F.3d 1505, 1512-1513 (11th Cir. 1997), the Eleventh Circuit found that settlement agreements with third parties were properly admitted by the trial court, but only because the agreements were **not** offered for the impermissible purpose of proving the invalidity of a claim or its amount, but rather for the permissible purpose of resolving a factual dispute about the meaning of the settlement agreements' terms. Here, the only purpose of admitting Plaintiff's settlement agreement with Kitchens would be to argue the invalidity of the claim or its amount.

The defendant herein can argue with some apparent support that the non-hiring by Kitchens was not the same transaction as the non-hiring by Ozark; thus evidence of a settlement with Kitchens is not barred by Rule 408. In that case, the evidence is simply irrelevant to this matter. When a plaintiff is subjected to discrimination by two different entities, he is entitled to recover from both, as both have injured him. What one pays is irrelevant to what the other might owe. Certainly, Ozark is not entitled to excuse its conduct merely because some third party has

owned up to its own misbehavior.

These are, in essence, two separate lawsuits. The fact that Kitchens may have settled has no bearing on the validity or value of Plaintiff's claim against Ozark and is inadmissible under Rules 402 and 403. To the extent that any relevance exists, it is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The defendant's motion to compel is due to be overruled.

RESPECTFULLY SUBMITTED on this the 19th day of April, 2007.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

      I hereby certify that on the __19th__ day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such following to the following:

David Allred
Craig Allred
Attorneys for Defendant

                                              /s/ JAY LEWIS
                                              Jay Lewis, ASB-2014-E66J
                                              Law Offices of Jay Lewis, LLC
                                              P.O. Box 5059
                                              Montgomery, AL 36103
                                              (334) 263-7733 (Voice)
                                              (334) 832-4390 (Fax)
                                              J-Lewis@JayLewisLaw.com