IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:06cv320-MEF ) |
| OZARK DELIVERY OF ALABAMA, LLC, | ) ) |
| *Defendant.* | ) |

## MOTION TO RECONSIDER DENIAL OF
## OZARK'S MOTION TO COMPEL

NOW COMES OZARK DELIVERY OF ALABAMA, LLC, the defendant herein, and moves the Court to reconsider denial of its motion to compel production of the release and *pro tanto* settlement agreement by and between the plaintiff and Co-Defendant Kitchens Express, and, in support thereof, states as follows:

1. As the damages claimed by the plaintiff flowed from a single harm, Defendants Ozark and Kitchens were joint tortfeasors with Ozark being entitled to a set-off and credit in the amount of plaintiff's *pro tanto* settlement with Kitchens. To effect the set-off or credit, it is the Court's election whether to allow the *pro tanto* settlement and release into evidence or apply such a credit and set-off to any potential judgment.

2. The negligence of two or more tortfeasors may combine to result in a single indivisible injury for which both tortfeasors are liable. *Franklin v. City of Athens*, 938 So.2d 950, 953 (Ala. 2005) (citing *Springer v. Jefferson County*, 595 So.2d 1381 (Ala. 1992). Joint and several liability is appropriate where the concurrent wrongful acts of multiple defendants

caused the plaintiff's injury. *Butler v. Olshan*, 191 So.2d 7, 17 (Ala. 1966). As the injury complained of by the plaintiff flowed from one harm (non-hiring by Ozark and Kitchens after Fast Air's demise), the discriminatory acts of both Ozark and Kitchens, necessarily, combined and concurred to produce the plaintiff's injury.

3. The division of the Fast Air contract between Ozark and Kitchens was a common catalyst that set into motion a chain of events that combined and concurred to result in a collective harm (non-hiring by both Kitchens and Ozark). The division of the Fast Air contract resulted in the formation of Ozark and Kitchens respectively, which necessitated the interviewing of perspective employees, which culminated in the plaintiff's non-hiring by both. All of these events ran concurrently and the plaintiff's non-hiring by Ozark and non-hiring by Kitchens cannot be logically distinguished.

4. Furthermore, the plaintiff's allegations against both Ozark and Kitchens filed with the NLRB, the EEOC, and the complaint filed with this Court, all allege common facts and, significantly, all allege discriminatory non-hiring.

5. As a joint tortfeasor, Ozark is entitled to a set-off and credit in the amount of Defendant Kitchens' *pro tanto* settlement with the plaintiff. Under Alabama law, a *pro tanto* settlement with a joint tortfeasor works as a release of damages based upon joint and several liability up to the amount of the settlement. *Enstar Group, Inc. v. Grassgreen*, 812 F.Supp. 1562, 1583 (citing *Bucyrus-Erie Co. v. Von Haden*, 416 So.2d 699 (Ala. 1982). Any amount recovered by the plaintiff in a *pro tanto* settlement thus reduces the amount owed by the remaining defendants, because there can be only one satisfaction of a claim.

*Williams v. Colquett*, 131 So.2d 364 (Ala. 1961). The remaining defendants may either plead the release as a bar to recovery or place the release in evidence to show payment for the injury. *Morris v. Laster*, 821 So.2d 923 (Ala. 2001) (citing *Anderson v. Kemp*, 184 So.2d 832 (Ala. 1966). The court, in lieu of allowing the defendant to place the *pro tanto* settlements into evidence, could instruct the jury on the total amount of the settlements. *Tatum v. Schering Corp.*, 523 So.2d 1042, 1045-6 (Ala. 1988).

WHEREFORE, THE PREMISES CONSIDERED, this defendant moves the Court to reconsider its denial of Ozark's motion to compel production of the release and *pro tanto* settlement agreement between the plaintiff and Defendant Kitchens Express.

> Respectfully submitted,
>
> _____
> DAVID E. ALLRED
> D. CRAIG ALLRED
> Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:  (334) 396-9977
E-mail:  dallred@allredpclaw.com
         callred@allredpclaw.com

### CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of April, 2007, filed the foregoing *Reply to Plaintiff's Response to Ozark's Motion to Compel* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

> Jay Lewis, Esq.
> Carol Gerard, Esq.
> THE LAW OFFICE OF JAY LEWIS, LLC
> Post Office Box 5059
> Montgomery, Alabama 36103-5059

_____
OF COUNSEL