IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06CV320-MEF |
| | ) |
| OZARK DELIVERY OF | ) |
| ALABAMA, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER ON MOTION

On April 24, 2007, Defendant filed a "Motion to Reconsider Denial of Ozark's Motion to Compel (Doc. #68). Defendant's original motion to compel sought to discover all settlement agreements, releases, and copies of settlement checks by or between Plaintiff and Kitchens Express. Doc. #67. Because Defendant had not shown in its motion or the pleadings in this case how Ozark Delivery of Alabama and Kitchens Express were not independent or separate entities, the undersigned did not find the information relevant and denied Defendant's motion to compel (Doc. #61).

The undersigned again has reviewed the pleadings and motions as well as case law concerning this issue. The Court has found that a necessary condition in which courts have ordered disclosure of settlement packages between plaintiffs and former co-defendants is a protective order. See e.g., U.S. Equal Employment Opportunity Comm'n v. Rush Prudential Health Plans, 1998 WL 156718 at *3 (N.D. Ill. Mar. 31, 1998);

<u>Bennett v. La Pere</u>, 112 F.R.D. 136, 139 (D. R. I. 1986).  No such order exists in this case.  Moreover, Defendant's motion for reconsideration again fails to show how Ozark Delivery of Alabama and Kitchens Express were not independent or separate entities.  For this reason, the Court continues to find the information irrelevant.  Accordingly, it is

ORDERED that Defendant's motion for reconsideration (Doc. #68) is DENIED.

DONE this 26th day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE