## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 2:06cv320-MEF |
| ) | |
| KITCHENS AIRFREIGHT, INC., and ) | |
| OZARK DELIVERY OF ALABAMA, LLC, ) | |
|     Defendants. ) | |

### ORDER ON PRE-TRIAL HEARING

A pretrial hearing was held in this case on April 19, 2007 wherein, or as a result of which, the following proceedings were held and action taken:

1. Parties and Trial Counsel.

    a. Plaintiff Wayne McGaughy will be represented at trial by Jay Lewis and Andy Nelms, Law Offices of Jay Lewis, LLC, of Montgomery, Alabama.

    b. Defendant Ozark Delivery of Alabama, LLC (Hereinafter, "Ozark") will be represented at trial by David Allred and Craig Allred of David E. Allred, P.C., of Montgomery, Alabama.

    Counsel Appearing at Pre-trial Hearing.

    a. Appearing for the Plaintiff: Jay Lewis.

    b. Appearing for the Defendant: David Allred and Craig Allred.

2. Jurisdiction and Venue. Jurisdiction and venue are admitted.

3. Pleadings. The following pleadings have been allowed:

    a. amended complaint on behalf of the Plaintiff; and

    b. an answer, answer to first amended complaint, first amended answer, and motion

for summary judgment on behalf of the Defendant.

4. Claims and Defenses of the Parties.

    a. Plaintiff's claims:

        1. Plaintiff, a white male, was born on September 7, 1945, making him 59 years of age at the time of the employment action at issue.

        2. Prior to July 5, 2005, Plaintiff had been working for several years as a delivery driver for Fast Air of Dixie, a local delivery contractor to DHL.

        3. Plaintiff had always performed his job to the reasonable satisfaction of his employer.

        4. On or about July 5, 2005, Fast Air's contract terminated and was split between two other companies, Kitchens Express and Ozark Delivery of Alabama, Inc.

        5. Ozark is solely owned by Klein Calvert who owns several other delivery services.

        6. Plaintiff applied for a job with Ozark on or about July 15, 2005.

        7. Plaintiff's application was rejected.

        8. After Plaintiff's application was rejected, Ozark continued to utilize temporary employees from other companies operated by Ozark's owner and to hire permanent employees. Most of the permanent employees hired after Plaintiff's application was rejected were black, and most were substantially younger than Plaintiff.

        9. Ozark first maintained that Plaintiff was not hired because there were no jobs available.

10. Later, Ozark maintained that Plaintiff was not hired because he had a poor work history at Fast Air.

11. Plaintiff's work history at Fast Air was good.

12. Plaintiff's application was rejected because of his age, 59, and his race, white.

13. The person most responsible for the rejection of Plaintiff's application was Arthur Scott, a black person, who is alleged to have falsely characterized Plaintiff's prior employment history.

14. The rejection of Plaintiff's application for employment constituted an adverse employment action.

15. The adverse employment action was unlawful under Title VII of the Civil Rights Act of 1964, as amended, and under the Age Discrimination in Employment Act.

16. Ozark claims that Plaintiff agreed to dismiss this lawsuit as part of an agreement to resolve a case filed by Plaintiff's union with the National Labor Relations Board; however, Plaintiff never agreed to such terms.

17. Plaintiff was given a job as a driver with Ozark in June, 2006.

18. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue.

19. Plaintiff has been injured in that he has been deprived of pay and benefits of employment, and he has suffered severe emotional distress and mental anguish.

20. Plaintiff is entitled to recover compensatory and punitive damages, back

        pay, attorneys' fees and costs, and such equitable relief as to which he may be entitled.

21.    Plaintiff is entitled to compensatory and punitive damages capped by the total number of employees of Klein Calvert's various delivery services, pursuant to *Landon v. Agatha Harden, Inc.*, 6 F.Supp. 2d 1333 (M.D. Ala. 1998); *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930 (11th Cir. 1987).

  b.    Defendant's defenses:

Defendant Ozark Delivery of Alabama, LLC denies that it took any action adverse to the plaintiff's employment that was based on age or race. Ozark contends that the plaintiff's non-hiring was the result of a business-based, non-discriminatory reason; that being the plaintiff's poor work history with his former employer, Fast Air of Dixie. Ozark further contends that, in the event of a judgment, it would be entitled to a set-off and credit in the amount of $10,000, which was the compromise settlement by and between the plaintiff against this defendant regarding his NLRB claim. As part of the settlement regarding the plaintiff's NLRB claim, Ozark further contends that plaintiff agreed to dismiss the present litigation, which was an accord and satisfaction; however; plaintiff failed did not follow through with this agreement. Also in accord with the NLRB settlement, plaintiff was employed as a driver by Ozark in June of 2006, but was terminated in February of 2007 for falsifying a delivery manifest.

Defendant Ozark is also entitled to a credit and set-off in the amount of the *pro tanto* compromise settlement between the plaintiff and Co-Defendant Kitchens Express. Ozark further contends that plaintiff failed to mitigate his damages and that Ozark may not be held liable for damages that are due to the plaintiff's own failure to secure other employment. It is also Ozark's

position that any award of damages for emotional distress and/or mental anguish would be improper absent expert medical testimony regarding causation.

The statutory cap of $50,000 on compensatory and punitive damages set forth in 42 U.S.C. 1981 a(b)(3)(A) is applicable in this case, as defendant Ozark Delivery of Alabama, LLC employs only twenty-one people. Furthermore, plaintiff is not entitled to aggregate the number of employees of other entities in other states of which Klein Calvert has an interest. See *Walker v. Boys & Girls Club of America*, 38 F.Supp.2d 1326 (M.D.Ala.1999), citing *Lyes v. City of Riviera Beach, Florida*, 166 F.3d 1332 (11th Cir. 1999).

Ozark further states that, should it be the prevailing party in the present litigation, it is entitled to attorney fees pursuant to 42 U.S.C. § 2000e-5k.


5.    STIPULATIONS OF FACT BY AND BETWEEN THE PARTIES:

Plaintiff was employed by Fast Air of Dixie at the time that company's contract with DHL was terminated in July, 2005.  Plaintiff's manager at Fast Air was Judy Thrift, and she has knowledge of Plaintiff's work history; Arthur Scott was an assistant manager and also has knowledge of the plaintiff's work history.  Ozark Delivery of Alabama, LLC, is a limited liability company organized pursuant to the laws of the State of Alabama and Klein Calvert is its manager.  Ozark assumed part of Fast Air's contract with DHL.  Plaintiff was employed by Ozark in June, 2006, and his employment terminated on February 5, 2007.  Plaintiff's job at both Fast Air and Ozark was to drive a truck and deliver parcels.

It is further stipulated that there is a statutory cap of on the amount of compensatory and punitive damages that the plaintiff may recover, pursuant to 42 U.S.C. § 1981a(b)(3).

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two (2) days, are set for June 4, 2007, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The parties are to file their pre-trial briefs, if any, May 29, 2007;

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #15) entered by the court on June 23, 2006;

(6) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this the 7th day of May, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE