IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv320-MEF |
| | ) |
| OZARK DELIVERY OF ALABAMA, LLC, | ) |
| | ) |
| *Defendant.* | ) |

## MOTION IN *LIMINE*

NOW COMES OZARK DELIVERY OF ALABAMA, LLC, the defendant in the above-styled case, and respectfully moves the Court for an order *in limine* excluding any and all evidence, testimony, exhibits, questions, references, and arguments in the presence of the jury, whether in voir dire, opening statement, during the presentation of evidence, arguments, questions, or closing argument, concerning the subject areas set forth herein. These subjects are irrelevant to any material issue in the case and, further, any probative value of evidence of said subjects is substantially outweighed by the prejudice to defendant of such evidence. The injection of any such matter into the trial of this case by any party, attorney, or witness would cause irreparable harm to defendant that could not be cured by any instruction from the Court to the jury. Should any of these matters be brought to the attention of the jury, either directly or indirectly, defendant would be compelled to file a motion for mistrial. Therefore, Defendant Ozark Delivery of Alabama, LLC respectfully requests that the Court instruct all attorneys in this case, and order all attorneys to, in turn,

instruct all witnesses that they may call at trial, not to mention, argue, or make any statements or reference to the following subjects within the hearing and presence of the jury or the jury panel, either directly or indirectly, without first obtaining the Court's express permission and authority outside the hearing and presence of the jury.

1. **ENTITIES IN WHICH KLEIN CALVERT HAS AN INTEREST.**

The plaintiff should be precluded from making any mention of entities in which Klein Calvert has an interest other than Ozark Delivery of Alabama, LLC. Such evidence would be offered for the sole purpose of establishing the wealth of the defendant and "its probative value is substantially outweighed by the danger of unfair prejudice, .... or misleading the jury." See *Federal Rule of Evidence 403*.

2. **TESTIMONY CONCERNING ANY OFFERS OF COMPROMISE OR SETTLEMENT.**

Plaintiffs should be precluded from introducing evidence of any offer of compromise or settlement in this matter. The law is well settled that an offer of compromise by one party to another in a civil action, whether before or after the litigation has begun, is inadmissible. See *Federal Rule of Civil Procedure 408*.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977
E-mail:   dallred@allredpclaw.com
         callred@allredpclaw.com

### CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of May, 2007 filed the foregoing *Motion in Limine* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

> Jay Lewis, Esq.
> Carol Gerard, Esq.

_____
OF COUNSEL