IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv320-MEF |
| ) | |
| OZARK DELIVERY OF ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REQUESTED JURY CHARGES

NOW COMES the defendant, OZARK DELIVERY OF ALABAMA, LLC, and submits the attached jury charges.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977
E-mail:        dallred@allredpclaw.com
                  callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of May, 2007 filed the foregoing *Defendant's Requested Jury Charges* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

Jay Lewis, Esq.
Carol Gerard, Esq.

_____
OF COUNSEL

### DEFENDANT'S REQUESTED JURY CHARGE NO. 1

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A *corporation* is entitled to the same fair trial as a private individual. All persons, including *corporations*, and other organizations stand equal before the law, and are to be treated as equals.

3 Fed. Jury Prac. & Instr. § 103.12 (5th ed.)

_____ GIVEN            _____ REFUSED

### DEFENDANT'S REQUESTED JURY CHARGE NO. 2

If you find that plaintiff has established each of the essential elements of plaintiff's claim, then you will consider the defense alleged by defendant that the treatment of plaintiff was for [good cause] [a reasonable factor other than age **or race**]. Defendant has only the burden of articulating a legitimate, nondiscriminatory reason for its actions. Defendant does not have to persuade you of this fact by a preponderance of the evidence. Instead, defendant is required only to produce enough evidence in support of plaintiff's claim to create a genuine issue of fact in your mind.

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant, unless you find that defendant's reason was a pretext for discrimination.

3C Fed. Jury Prac. & Instr. § 173.66 (5th ed.) (**Modification noted in bold**)

_____ GIVEN       _____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 3

You must also consider any legitimate, nondiscriminatory reason or explanation stated by the defendant for its decision. If you determine that the defendant has stated such a reason, then you must decide in favor of defendant unless plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against plaintiff because of plaintiff's race.

3C Fed. Jury Prac. & Instr. § 170.52 (5th ed.)

_____ GIVEN          _____ REFUSED

### **D**EFENDANT'S **R**EQUESTED **J**URY **C**HARGE **N**O. **4**

Plaintiff must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant must prove by a preponderance of the evidence that plaintiff failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff is entitled to damages, you must reduce these damages by

1. what plaintiff earned and

2. what plaintiff could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider

1. the type of work,

2. the hours worked,

3. the compensation,

4. the job security,

5. the working conditions, and

6. other conditions of employment.

You must decide whether plaintiff acted reasonably in not seeking or accepting a particular job. If you determine plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff for any portion of plaintiff's damages resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's damages.

3C Fed. Jury Prac. & Instr. § 170.65 (5th ed.)

_____ G**IVEN**        _____ R**EFUSED**

### DEFENDANT'S REQUESTED JURY CHARGE NO. 5

If you determine plaintiff is entitled to damages, in determining the amount of damages you may not include or add to the damages any sum for the purpose of punishing defendant or serving as an example to warn others.

3C Fed. Jury Prac. & Instr. § 173.75 (5th ed.)

_____ GIVEN          _____ REFUSED