IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WAYNE McGAUGHY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 2:06-cv-320-MEF |
| | ) | |
| OZARK DELIVERY OF ALABAMA, LLC | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS**

    **COMES NOW** Plaintiff Wayne McGaughy ("Plaintiff"), by and through his attorney of record, and would request that the Court charge the jury in accordance with the following _____ proposed instructions:

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Race Discrimination"

It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

Source of Instruction: Title VII of the Civil Rights Act of 1964, as amended, § 703(a)(1), 42 U.S.C. § 2000e-2(a)(1) (1997).

Given_____                                                            Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Age Discrimination"

    It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age, if he is over 40 years of age.


Source of Instruction: Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.



Given_____                                                                                                        Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Protected Class – Status"

An individual is protected from race discrimination under Title VII because of his race, color or national origin.

An individual is protected from age discrimination under the Age Discrimination in Employment Act because he is over 40 years of age.

Source of Instruction: Adapted from McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

Given _____                                                                                     Refused

_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Employer"

Title VII holds employers liable for violations of the Act. An entity is an "employer" under Title VII if it is a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." I charge you as a matter of law that Ozark Delivery was an "employer" within the meaning of the law.

Source of Instruction: Title VII of the Civil Rights Act of 1964, as amended, § 701(b), 42 U.S.C. § 2000e(b) (1997).

Given_____                                                                                   Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

"Employee"

The term "employee" means an individual employed by an employer or an applicant for employment. For the purposes of this case, Mr. McGaughy is to be considered an employee or applicant of Ozark Delivery.

Source of Instruction: Title VII of the Civil Rights Act of 1964, as amended, § 701(f), 42 U.S.C. § 2000e(f) (1997).

Given_____                                                                 Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

Standard of Proof

The standard of proof in a claim raised under Title VII of the Civil Rights Act of 1964 is by a preponderance of the evidence.

Source of Instruction:  McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Given_____                                                                                                       Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

Evidence of Race or Age Discrimination

Mr. McGaughy may prove that his failure to be hired was "because of" his race or because of his age by showing that his race or age played a motivating role in, or contributed to, the employer's decision. He need not prove that was the only reason, just that it was a motivating reason.

Mr. McGaughy may prove that the forbidden animus was a motivating factor through presentation of either "direct" or "circumstantial" evidence.

Source of Instruction: Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Given_____                                                              Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

Discriminatory Animus – Different Treatment

A plaintiff may raise an inference of discriminatory animus by offering evidence comparing himself to similarly situated individuals who are not a member of that protected class, who are treated more favorably.

Source of Instruction:  Morris v. Harris Trust & Savs. Bank, 867 F.2d 1023, 1026 (7th Cir. 1989); Lanear v. Safeway Grocery, 843 F.2d 298, 301 (8th Cir. 1988).

Given_____                                                                                                   Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

3:600  Race Discrimination – § 1981

Plaintiff's claim for recovery under Section 1981 is based upon a federal statute, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens.  This law entitles a person of color to equal opportunity and treatment in employment.  Thus, when an employer acts adversely against a person of color, whether black or white, because of that person's race, the law has been violated and the person may file suit and recover damages.

To recover on his claim against Ozark Delivery, Mr. McGaughy must prove the following elements by a preponderance of the evidence:

1.  Ozark Delivery intentionally discriminated against him, and

2.  As a direct result of such discrimination, Mr. McGaughy sustained damages.

Source of Instruction:  42 U.S.C. § 1981(a) (1997); Devitt & Blackmar, Federal Jury Practice & Instructions, § 104.01 (1987 & Supp. 1998).

Given_____                                                                                                          Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION # __

Prima Facie Case

Mr. McGaughy may establish that he was subjected to unlawful discrimination – both race and age – by showing that:

1. he is a member of a protected class;

2. who was qualified for the position he sought,

3. who suffered an adverse employment action,

4. under circumstances giving rise to an inference of discrimination.

    Mr. McGaughy bears the ultimate burden of proving that discriminatory animus was a determinative factor in the adverse employment decision. He may succeed in this either directly by persuading you that a discriminatory reason more likely motivated Ozark Delivery or indirectly by showing that the employer's stated explanation is unworthy of belief.

Source of Instruction:  McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Given_____                                                                                                          Refused_____

PLAINTIFFS' REQUEST JURY INSTRUCTION # __

Falsity of Reason

Once the defendant articulates a legitimate, nondiscriminatory reason for adversely affecting Plaintiff's employment, Mr. McGaughy can establish pretext by showing that Defendant's explanation is unworthy of credence

and/or

Mr. McGaughy can establish pretext by showing that a discriminatory reason more likely motivated the employer.

You are entitled to infer, but need not infer, that Mr. McGaughy's burden has been met if you find that the four facts previously set forth [elements of the prima facie case] have been established and if you disbelieve the defendant's explanation. Your disbelief of the defendant's explanation is enough because the untruthfulness itself can provide the necessary inference of discrimination.

Source of Instruction:  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993); see also Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993) ("[w]hatever the employer's decision-making process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome").  Palmer v. Board of Regents of University System of Ga., 208 F.3d 969, 974 (11th Cir. 2000).

Given_____                                                                                        Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

"Adverse Employment Action"

An adverse employment action is one that results in discrimination against an individual with respect to hisr compensation, terms, conditions or privileges of employment or that limits, segregates, or classifies employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee.

I will charge you as a matter of law that a refusal to hire may constitute an adverse employment action. This is not to say that refusing to hire an employee is necessarily a discriminatory act, but it is an adverse employment action. It is up to you to determine whether it was discriminatory.

Source of Instruction: Title VII of the Civil Rights Act of 1964, as amended, § 703(a), 42 U.S.C. § 2000e-2(a) (1997). See § 3:130.

Given_____                                                                                           Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

'Mixed Motives' – Proof of Discriminatory Animus

Mr. McGaughy may prove that race was a "motivating factor" in an adverse employment decision through presentation of "direct evidence" – that is, evidence tied directly to the alleged discriminatory animus – or indirect evidence, that is evidence that if believed make it more likely than not that race or age was "a motivating factor."

Source of Instruction:  Price Waterhouse v. Hopkins, 490 U.S. 228, 252, 258 (1989) (finding that an employer could avoid liability outright by proving it would have made the same decision absent the discriminatory animus).  Price Waterhouse was partially overruled by the Civil Rights Act of 1991 which amended Title VII to allow an employer to limit the employee's remedy rather than defeat liability outright by showing it would have made the same decision.

The Court here explained that the "mixed motives" theory of proof is unlike the burden-shifting model of McDonnell Douglas/Burdine, which is used when the plaintiff has no direct evidence of discrimination.  Rather, the Court stated that "the employer's burden is most appropriately deemed an affirmative defense: the plaintiff must persuade the factfinder on one point, and then the employer, if it wishes to prevail, must persuade it on another."  Id. at 246.

Given_____                                                                                   Refused_____

-15-

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

§ 1:420  "Motivating Factor"

The term "motivating factor" means a consideration that moved the defendant toward its decision, or a factor that played a part in the employment decision.


Source of Instruction:  Model Jury Instructions (Civil) Eighth Circuit § 5.01 n.6 (1998).


Given_____                                                                                          Refused_____

PLAINTIFFS' REQUESTED JURY INSTRUCTION #__

§ 1:340  "Pretext" (adaptation)

You may choose not to accept an explanation offered by Ozark Delivery for its actions either if you disbelieve the explanation offered or if you find that the proffered explanation really is a pretext for discrimination on the basis of race or age. A pretextual explanation most often involves Defendant's alleged application of supposedly neutral policies or criteria which Defendant, in fact, did not apply impartially and uniformly to all persons.


Source of Instruction:   Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).


Given_____                                                                                              Refused_____

RESPECTFULLY SUBMITTED on this the 18th day of May, 2007.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that on the __18th__ day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such following to the following:

David Allred
Craig Allred
Attorneys for Defendant

/s/ JAY LEWIS
Jay Lewis, ASB-2014-E66J
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com