IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE McGAUGHY, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv320-MEF |
| ) | |
| OZARK DELIVERY OF ALABAMA, LLC, ) | |
| ) | |
| *Defendant.* ) | |

## DEFENDANT OZARK'S TRIAL BRIEF

NOW COMES the defendant, OZARK DELIVERY OF ALABAMA, LLC (Hereinafter, "OZARK"), and submits the following Trial Brief and Memorandum of Law regarding the issues that will be addressed at the trial of this matter. While the body of this trial brief will address only the issue of the statutory damages cap, pursuant to 42 U.S.C.A. § 1981a, Ozark hereby adopts and incorporates by reference all of its previous legal arguments and factual contentions set forth in this Court's pre-trial Order (Doc. # 79).

### ARGUMENT

Plaintiff has failed to meet its burden of showing that the separate Ozark companies are sufficiently integrated such that they may be considered a "single employer." Thus, as Ozark Delivery of Alabama, LLC employs only 19 people, the statutory cap on compensatory and punitive damages of $50,000, pursuant to *42 U.S.C.A. § 1981a(b)(3)(A)* is applicable in this case.

"[W]here two ostensibly separate entities are 'highly integrated with respect to ownership and operations,' we may count them together under Title VII. This is the 'single employer' or 'integrated enterprise' test." *Walker v. Boys and Girls Club of America*, 38 F.Supp.2d 1326 (M.D.Ala.1999). The Eleventh Circuit follows the test set forth in *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir.1987), which was articulated by the Middle District in *Walker* as follows:

> "To determine whether two or more legally distinct entities should be considered a "single employer" under Title VII, courts in this circuit utilize the standard developed by the National Labor Relations Board in NLRA cases. Under the NLRB standard, courts look to the following four criteria: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Id.* at 1330, citing *McKenzie*, 834 F.2d at 933.

"The focal point of the court's inquiry is 'the degree of control an entity has over the adverse employment decision on which the Title VII suit is based.' " *Walker*, citing *Llampallas v. Mini-Circuits, Lab., Inc.*, 163 F.3d 1236, 1244 (11th Cir.1998). "[W]hether there is centralized control of labor relations is usually accorded greater weight than the others." *Thornton v. Mercantile Stores Co., Inc.*, 13 F.Supp.2d 1282, 1291 (M.D.Ala.1998). The "control" required to meet the test of centralized control of labor relations is "actual and active control of day-to-day labor practices." *Fike v. Gold Kist, Inc.*, 514 F.Supp. 722, 727 (N.D.Ala.1981).

In the instant case, the affidavit of Klein Calvert, filed simultaneously herewith, establishes that two critical factors militate against the Ozark Companies being considered a single employer. First, in examining the "degree of control" other Ozark companies had

over McGaughy's non-hiring, it is important to note that the decision was made based on information from Arthur Scott who was an employee of Ozark Delivery of Alabama, LLC. (See *Affidavit of Klein Calvert*, August 10, 2006.) Furthermore, McGaughy's non-hiring was a matter concerning only Ozark Delivery of Alabama and no other Ozark company had any interest whatsoever in whether or not McGaughy was hired. Thus, Ozark Delivery of Alabama, LLC through Klein Calvert and acting upon information from Arthur Scott exercised exclusive control over McGaughy's non-hiring and the plaintiff fails to meet its burden in this regard.

Secondly, the affidavit of Klein Calvert, filed simultaneously herewith also establishes that there is no "actual and active control of day-to-day labor practices" between the Ozark companies. The personnel records are maintained independently by each Ozark company, applications are separately maintained by each company and each company has its own manager to handle personnel issues on a daily basis. Furthermore, applications on file are maintained separately as necessitated by the difference in geographic location of the Ozark companies. Thus, plaintiff has failed to put forth sufficient evidence to meet its burden regarding what the court considers to be the most determinative factor of the "single employer" test.

Furthermore, the Calvert affidavit also establishes a lack of interrelation of operations between the Ozark companies. In this regard, the affidavit states that all of these companies operate separately and independently of one another, carrying on exclusive operations in their respective states. Significantly, Ozark Delivery of Alabama, LLC

delivers packages only within the State of Alabama. Each Ozark company is headquartered in its own independent facility in the respective states in which they operate. Furthermore, each Ozark company requires the purchase of its own equipment and delivery vehicles in order to carry on its operations.

The Calvert affidavit also states that Ozark Delivery of Alabama, LL employs only nineteen people. Having demonstrated that the Ozark companies do not meet the *McKenzie* single employer test, only the number employees of Ozark Delivery of Alabama, LLC may be considered with regard to the statutory cap on damages. 42 U.S.C.A. § 1981a(b)(3)(A), which is applicable in this case, states in pertinent part:

> "(3) Limitations
> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party
>> **(A)** in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;"
>
> 42 U.S.C.A. § 1981a(b)(3)(A)

As Ozark Delivery of Alabama, LLC employs only nineteen people, the statutory cap of $50,000 on compensatory and punitive damages set forth in 42 U.S.C.A. § 1981a(b)(3)(A) is applicable to this case.

Upon examination of the factors set forth in the "single employer" test, the evidence does not establish that the Ozark companies are "highly integrated with respect to ownership and operations." Thus, the plaintiff is not entitled to aggregate the

number of employees of all Ozark companies for the purposes of the statutory damages cap.

WHEREFORE, THE PREMISES CONSIDERED, defendant Ozark moves this Court to make the above-requested findings of law regarding the trial of this matter.

*\*\*An executed copy of the Calvert Affidavit will be filed when received\*\**

                Respectfully submitted,

                /s/ D. Craig Allred
                DAVID E. ALLRED
                D. CRAIG ALLRED
                Attorneys for Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:  (334) 396-9977
E-mail:  dallred@allredpclaw.com
         callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 29th day of May, 2007 filed the foregoing *Defendant's Trial Brief* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

    Jay Lewis, Esq.
    Carol Gerard, Esq.

                            /s/ D. Craig Allred
                            OF COUNSEL